## RABECK v. NEW YORK.

No. 611.  Decided May 27, 1968.

*Stanley Fleishman, Osmond K. Fraenkel,* and *Sam Rosenwein* for appellant.

*Isidore Dollinger* and *Daniel J. Sullivan* for appellee.

PER CURIAM.

Appellant, in seeking reversal of his conviction for selling "girlie" magazines to a minor under 18 years of age in violation of former § 484–i, New York Penal Law,* argues among other grounds that the statute is impermissibly vague.  We agree.  While we rejected a like claim as to § 484–h in *Ginsberg* v. *New York,* 390 U. S. 629, § 484–i in part prohibited the sale of "any . . . magazines . . . which would appeal to the lust of persons under the age of eighteen years or to their curiosity as to sex or to the anatomical differences between the sexes . . . ."  That standard in our view is unconstitutionally vague.  "Nor is it an answer to an argument that a particular regulation of expression is vague to say that it was adopted for the salutary purpose of protecting children.  The permissible extent of vagueness is

*Section 484–i was repealed by N. Y. Laws 1967, c. 791.  See *Ginsberg* v. *New York,* 390 U. S. 629, 631–632, n. 1.

not directly proportional to, or a function of, the extent of the power to regulate or control expression with respect to children." *Interstate Circuit, Inc.* v. *City of Dallas,* 390 U. S. 676, 689.

*Reversed.*

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, would reverse for the reasons stated in his dissenting opinion in *Ginsberg* v. *New York,* 390 U. S. 629, 650.

MR. JUSTICE HARLAN would affirm the judgment of the state court on the premises stated in his separate opinion in *Interstate Circuit, Inc.* v. *City of Dallas,* 390 U. S. 676, 704. In addition, he considers it a particularly fruitless judicial act to strike down on the score of vagueness a state statute which has already been repealed.