Memorandum. Upon reargument, the judgment appealed from should be reversed and the information dismissed. Defendant was convicted of violating section 484-i of the former Penal Law, and his conviction was sustained by this court (18 N Y 2d 268). On direct appeal to the Supreme Court of the United States, his appeal was dismissed as moot (388 U. S. 439). In Rabeck v. New York (391 U. S. 462), the Supreme Court held section 484-i to be unconstitutional on its face. In light of that decision, we granted defendant’s motion for reargument (22 N Y 2d 972). There is no question that Rabeck v. New York must be applied to this conviction. Where a substantive criminal statute has been held unconstitutional, there is no alternative but to give the decision retroactive effect for the declaration of unconstitutionality is a statement that the defendant has committed no crime. Were the defendant presently imprisoned, he would most certainly be entitled to habeas corpus relief. We are not here
*754 dealing with a rule of criminal procedure (Fuller v. Alaska, 393 U. S. 80; Stovall v. Denno, 388 U. S. 293; Johnson v. New Jersey, 384 U. S. 719; Tehan v. Shott, 382 U. S. 406; Linkletter v. Walker, 381 U. S. 618; People v. Sayers, 22 N Y 2d 571; People v. Kaiser, 21 N Y 2d 86). Since the statute defining the crime has been declared invalid, the conviction cannot stand.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Keating, Breitel and Jasen concur.
Upon reargument: Judgment reversed and information dismissed in a memorandum.