HILLSBORO NEWS COMPANY, a Florida Corp., Putt-Hut, Inc., a Florida Corp., d/b/a Little Professor Book Center and Charles Putt, Plaintiffs,

v.

CITY OF TAMPA, a Florida Municipal Corporation, William Poe, Individually and as Mayor of the City of Tampa, Charles Otero, Individually and as Chief of Police of the City of Tampa, Defendants.

No. 75–208 Civ. T–K.

United States District Court, M. D. Florida, Tampa Division.

June 15, 1978.

---

Harold W. Mullis, Jr. and Wayne L. Thomas, Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, Fla., for plaintiffs.

Henry E. Williams, Jr., City Atty., and Matias Blanco, Jr., Asst. City Atty., Tampa, Fla., for defendants.

## MEMORANDUM OF DECISION

KRENTZMAN, District Judge.

The Court has for consideration the final resolution of the merits of plaintiffs' case. On March 28, 1975, the plaintiffs filed a complaint alleging that City of Tampa Ordinance No. 6115–A regulating the display of "offensive sexual material" violated the First and Fourteenth Amendments of the United States Constitution. In addition to seeking declaratory judgment and monetary damages, the plaintiffs sought a temporary restraining order and a permanent injunction against the enforcement of the ordinance. On March 28, 1978, the Court heard plaintiffs' request for a temporary restraining order. After the argument of counsel, the Court granted a temporary restraining order and scheduled a preliminary injunction hearing. On April 4, 1978, the Court conducted a preliminary injunction hearing at which time the plaintiffs presented five witnesses. After the evidentiary portion of the hearing, counsel for both parties argued the merits of injunctive relief. Upon consideration of the criteria for granting a preliminary injunction as set forth in *Canal Authority v. Callaway*, 489 F.2d 567 (5th Cir. 1974), the Court granted a preliminary injunction against the enforcement of the ordinance. *See* Court's Order of April 8, 1975. The defendants appealed the injunctive relief granted and the Fifth Circuit Court of Appeals affirmed the Court's decision. *Hillsboro News Co. v. City of Tampa*, 544 F.2d 860 (5th Cir. 1977).

Subsequent to the ruling of the Court of Appeals, the plaintiffs withdrew their request for monetary damages against the defendants and the parties stipulated that the evidence produced at the preliminary injunction hearing need not be supplemented by further evidentiary hearing or trial. *See* Rule 65(a)(2) Fed.R.Civ.P. Thus, the Court is left with only one issue to resolve: the constitutionality vel non of Tampa Ordinance No. 6115-A.

On February 4, 1975, the Tampa City Council passed Ordinance No. 6115-A and on February 11, 1978 the ordinance was approved by the Mayor of Tampa, William Poe. The ordinance is directed toward curtailing the display, to individuals under 17 years of age, of "offensive sexual materials." Although the Supreme Court has held that a municipality can adopt more stringent controls on communicative materials available to youths, the ordinance in question is not designed with the requisite specificity or precision to permit reasonable application. *Rabeck v. New York*, 391 U.S. 462, 88 S.Ct. 1716, 20 L.Ed.2d 741 (1968); *Interstate Circuit, Inc. v. City of Dallas*, 390 U.S. 676, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968); and *Ginsburg v. New York*, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968).

The evidence as to the application of the ordinance in this case indicates its obvious deficiencies. The testimony of several book and convenience store operators, Michael Messier, Joyce McCutchen, and Michael Penheiro, establishes that City of Tampa police officers ordered the discontin-

uance of the display of materials which exhibited only a title, no nudity whatsoever, or nudity without additional ordinance qualifications. The explanation of the ordinance by one of the chief enforcing officers, Detective Mike Gullo, further indicates the vagueness of the ordinance from a descriptive, interpretive, and grammatical perspective.

Having concluded that the ordinance is unconstitutional as applied to the facts of the case, the Court must determine whether the ordinance is unconstitutional on its face. The evidence clearly indicates that there is both a real and substantial deterrent effect on legitimate expression. *Erznoznik v. City of Jacksonville,* 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975). The ordinance is not susceptible or narrowing construction. When confronted with a similar question in *Erznoznik,* the Supreme Court stated,

> Speech that is neither obscene as to youths nor subject to some other legitimate proscription cannot be suppressed solely to protect the young from ideas or images that a legislative body thinks unsuitable for them. In most circumstances, the values protected by the First Amendment are no less applicable when government seeks to control the flow of information to minors. *Erznoznik* supra at 2275.

Although the Supreme Court has not had occasion to apply the existing obscenity standard as enunciated in *Miller v. California,* 413 U.S. 15, 24–6, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) to a situation involving youths, the Court is convinced that the three tiered *Miller* approach will not be totally forsaken. Tampa Ordinance 6115-A judged by *Miller* standards is without doubt unconstitutional.

Resolution of the relative rights of individuals and municipalities requires consideration of the rights of magazine distributors and the adult public in general. Magazine distributors and shop owners have due process rights to be informed of the scope and ambit of legislation which might subject them to possible criminal liability. The vagueness of the ordinance in question makes it impossible to judge what type of display is within the coverage of the ordinance. Out of this vagueness and ambiguity flows self censorship, the chilling effect which restricts the free flow of protected expression. *Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). This vagueness and ambiguity also allows censorship by individual policemen without uniformity or direction; this uncertainty did and would restrict the free flow of protected expression.

Enforcement of the ordinance would necessarily limit display to adults of only such books and printed material as are fit for display to children, thus depriving adults of material that is protected as to adults. *Butler v. Michigan,* 352 U.S. 380, 383, 77 S.Ct. 524, 1 L.Ed.2d 412 (1957).

For the reasons given, the Court is of the opinion that Tampa Ordinance 6115-A is unconstitutional. The Clerk of the Court is directed to enter judgment for the plaintiffs and to tax costs against the defendants.

IT IS SO ORDERED at Tampa, Florida this 15 day of June, 1978.