**Wilfred E. RUSHIA, Plaintiff, Appellant,**

v.

**TOWN OF ASHBURNHAM, MASSACHUSETTS, et al., Defendants, Appellees.**

**No. 82–1628.**

United States Court of Appeals, First Circuit.

Argued Dec. 6, 1982.
Decided March 1, 1983.

Darragh K. Kasakoff, with whom Seder & Seder, Worcester, Mass., was on brief, for plaintiff, appellant.

Timothy S. Hillman, Fitchburg, Mass., for defendants, appellees.

Before CAMPBELL and BREYER, Circuit Judges, and SMITH,* Senior District Judge.

BREYER, Circuit Judge.

Appellant Rushia, the owner of Bill's Pharmacy, appeals from a denial of a preliminary injunction that would have prevented the Town of Ashburnham from prosecuting him for violating its Public Display Minors Law. The Town once before brought a prosecution against Rushia, based (the record suggests) on the display or sale of publications entitled *Eros* and *Hornshow*. Before Rushia raised any constitutional objection to the Minors Law, he was acquitted, apparently on the ground that he lacked the requisite criminal intent. The Town has threatened to bring a new prosecution.

Rushia brought this action in federal court, alleging that the by-law, which forbids the sale or display to minors of indecent publications, is unconstitutional under the First and Fourteenth Amendments. He seeks declaratory and injunctive relief under 28 U.S.C. §§ 2201 & 2202, and 42 U.S.C. § 1983. The district court denied Rushia's motion for a preliminary injunction. The court recognized that Rushia's sole basis for asserting "irreparable injury"—the threat of a new prosecution—was, as a factual matter, likely to be true. But, the court did

---

* Of the District of Montana, sitting by designation.

not believe that "this likelihood alone justifies federal intervention at this time." The issue on appeal is whether the district court abused its discretion. *Brown v. Chote,* 411 U.S. 452, 457, 93 S.Ct. 1732, 1735, 36 L.Ed.2d 420 (1975); *Planned Parenthood League of Mass. v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981). We believe that it did not.

Since there is presently no state prosecution pending, the controlling law in this case is set forth in *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975), a case, like this one, dealing with a First Amendment claim. The Supreme Court in *Doran,* extending to preliminary injunctions the rule in *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (federal declaratory judgment action), held that the near-absolute prohibition against a federal court enjoining an ongoing state criminal proceeding (set forth in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)) did not apply, when the state criminal proceeding had not yet begun. The Court in *Doran,* stated that the plaintiffs were entitled to have their claims for preliminary injunctive relief "considered without regard to *Younger*'s restrictions." 422 U.S. at 931, 95 S.Ct. at 2567. But the plaintiff, as is traditional, must "show that . . . he will suffer irreparable injury and also that he is likely to prevail on the merits." The Court cautioned that "a district court must weigh carefully the interests on both sides," since such an injunction "does prohibit state and local enforcement activities," and thereby "seriously impairs the State's interest in enforcing its criminal laws, and implicates the concerns for federalism which lie at the heart of *Younger.*" The Court concluded that "while the standard to be applied by the district court in deciding whether a plaintiff is entitled to a preliminary injunction is stringent, the standard of appellate review is simply whether the issuance of the injunction, in the light of the applicable standard, constituted an abuse of discretion." 422 U.S. at 931–32, 95 S.Ct. at 2568.

Given *Doran,* we believe that the issue—even in a First Amendment case—is one of proper exercise of the district court's discretion, and we cannot say that that discretion was abused. First, the sole "irreparable injury" that appellant alleged as a reason *for* granting the injunction, namely, the threat of imminent state prosecution, ordinarily militates *against* the issuance of a federal injunction. In *Younger* the Supreme Court wrote that both traditional equity jurisprudence and considerations of federal-state comity mean that "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." 401 U.S. at 46, 91 S.Ct. at 751. And, in *Doran,* the Court made clear that the considerations referred to in *Younger* remain relevant, although the comity consideration is not determinative, when the state prosecution is threatened but has not yet begun.

Second, there are no special features of this case that nonetheless require a preliminary injunction to issue. There is no indication that the Town is harassing Rushia. *Cf. Wooley v. Maynard,* 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977) (injunction appropriate in the presence of repeated prosecutions in which constitutional defense was repeatedly rejected); *Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) (repeated use of arrests, seizures, and threats of prosecution, undertaken without any expectation of securing convictions). While the Town prosecuted Rushia once before, he did not then raise his constitutional defenses. He can do so if reprosecuted—by motion before trial, Mass. R.Crim.P. Rule 13(a), 43C Mass.Gen.Laws Ann., or by bringing a state action for declaratory judgment before reindictment, Mass.Gen.Laws Ann. ch. 231A, § 2. Moreover, the Town's reprosecution is explained, not so much by an unreasonable hostility to the assertion of constitutional rights, as by the possibility that the repeated violations of the Minors Law allow it to make out whatever elements of knowledge and willfulness were previously lacking. Further,

the strong argument that Rushia makes that the by-law is repugnant to state obscenity laws, Mass.Gen.Laws Ann. ch. 272, §§ 28–32, *see* Mass.Gen.Laws Ann. ch. 40, § 21, along with the possibility of a narrowing construction, makes a state forum particularly appropriate for resolving these issues. *See Moore v. Sims,* 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979); *Red Bluff Drive-Inn, Inc. v. Vance,* 648 F.2d 1020, 1035 (5th Cir.1981). *See also Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 498, 61 S.Ct. 643, 644, 85 L.Ed. 971 (1941) (constitutional adjudication should be avoided "unless no alternative ... is open"); *Ashwander v. T.V.A.,* 297 U.S. 288, 345–47, 56 S.Ct. 466, 482–483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).

■ Third, the fact that Rushia is asserting First Amendment rights does not automatically require a finding of irreparable injury. If it did, a preliminary injunction would have been *required,* not merely *permitted,* in *Doran,* where First Amendment rights equivalent to those here at issue were at stake. Yet, the Supreme Court in *Doran* stressed that the district court should grant a preliminary injunction only after applying a "stringent" standard, and carefully weighing the interests on both sides. *Doran,* 422 U.S. at 931, 95 S.Ct. at 2567–2568. While the Supreme Court has stated that "the loss of First Amendment freedoms" constitutes "irreparable injury," in the context of a case involving loss of employment, *Elrod v. Burns,* 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976), it is clear that an injunction against a state criminal prosecution presents a different case. Nothing in *Elrod* suggests an intent to overrule *Doran.* And the difference in the cases is probably explained by the presence of *Younger*-type comity considerations when the requested injunction is to run against an imminently threatened state prosecution. Regardless, here Rushia did not claim in the district court that his "irreparable injury" consisted of the threat to his First Amendment right to display and sell certain magazines; rather, his sole claim was that the "injury" consisted of the threatened state prosecution. This is not

necessarily an inadvertent omission, for Rushia may intend to continue to display and to sell his magazines until he is prosecuted. Certainly there is no evidence in the record that either the threat of prosecution or the actual prosecution altered his behavior. Finally, and perhaps most importantly, the district court took into account the First Amendment problem in stating that, if there is no state prosecution soon forthcoming, it will address the declaratory judgment request.

Since the issuance or nonissuance of a preliminary injunction is, as far as the record suggests, unlikely to affect Rushia's intent to display and to sell magazines, since it could not protect others who display and sell them, *see* Fed.R.Civ.P. 65(d), since a state action appears imminent, and since, if no state prosecution ensues, the federal court will address Rushia's claim, we see no threat to First Amendment rights sufficient to take the district court's preliminary injunction decision outside the scope of its discretion as delineated in *Doran.*

Fourth, Rushia has not alleged that he would suffer any other type of harm which courts have found to be irreparable, such as the threat of bankruptcy relied upon in *Doran,* 422 U.S. at 932, 95 S.Ct. at 2568.

■ These reasons boil down to saying that while a state prosecution may sound like serious injury to the ordinary ear, it does not normally in and of itself constitute "irreparable injury" as a matter of law. The harm to the threatened defendant tends to be counterbalanced by the fact that the prosecution offers him a forum in which to make his legal arguments, by the fact that a state forum may be the more appropriate one, and by the comity considerations, recognized in *Younger,* that must make a federal court hesitate to enjoin a state criminal proceeding. This seems to be the teaching of *Doran.* And, in this case, there are no competing considerations sufficient to warrant our finding an abuse of the district court's discretion in denying a preliminary injunction. The decision is

*Affirmed.*