Wilfred E. **RUSHIA**, Plaintiff,

v.

**TOWN OF ASHBURNHAM**, et al., Defendants.

Civ. A. No. 82–1714–S.

United States District Court, D. Massachusetts.

April 4, 1983.

Darragh K. Kasakoff, Seder & Seder, Worcester, Mass., for plaintiff.

Timothy Hillman, Fitchburg, Mass., for defendants.

**MEMORANDUM AND ORDER**

SKINNER, District Judge.

Plaintiff brings this action for declaratory and injunctive relief against the enforcement of an Ashburnham, Massachusetts bylaw which forbids the sale or display to minors of indecent publications. (Appendix, "Public Display Minors Law"). Plaintiff operates Bill's Pharmacy, Inc. in Ashburnham in which he displays and sells various magazines. He challenges the bylaw on the grounds that it is inconsistent with the Massachusetts statute on obscene matter, M.G.L. c. 272, §§ 28–32, and is unconstitutional under the First and Fourteenth Amendments. Plaintiff seeks a permanent injunction against the enforcement of the bylaw and a declaration under 28 U.S.C. § 2201 that the bylaw is unconstitu-

tional. For the reasons which follow, plaintiff's motion is granted as to the requested declaratory relief.

Plaintiff was the subject of a complaint for violation of the bylaw brought by the defendant Chief of Police in the local district court. Plaintiff went to trial on the merits and was found not guilty, apparently due to the lack of proof that he had the requisite criminal intent. He did not raise any constitutional issues in the state action. He then filed this action and moved for a preliminary injunction. I denied plaintiff's motion for a preliminary injunction on July 30, 1982, and the Court of Appeals affirmed the denial. *Rushia v. Town of Ashburnham, Massachusetts*, 701 F.2d 7 (1st Cir.1983).

Before reaching the substantive issues of the case, it is necessary to determine whether the plaintiff has established the jurisdictional prerequisite for injunctive or declaratory relief. The Court of Appeals held that preliminary injunctive relief was inappropriate in this case because of plaintiff's failure to establish irreparable harm. *See also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975). While this opinion dealt with a motion for a preliminary injunction, the same considerations preclude a permanent injunction. *See Steffel v. Thompson*, 415 U.S. 452, 471–472, 94 S.Ct. 1209, 1221–1222, 39 L.Ed.2d 505 (1974).

▆ The availability of declaratory relief is, however, a different matter. In *Steffel v. Thompson*, the Supreme Court held that declaratory relief may be granted regardless of plaintiff's ability to demonstrate irreparable injury. *See also Wulp v. Corcoran*, 454 F.2d 826, 832 (1st Cir.1972) (quoted with approval in *Steffel*, 415 U.S. at 471, 94 S.Ct. at 1222). In *Steffel*, like the present case, a state prosecution was threatened, but was not pending, and no showing of bad faith, harassment or other special circumstances was made. "[R]egardless of whether injunctive relief may be appropriate, federal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute...." 415 U.S. at 475, 94 S.Ct. at 1223. Defendants have stated that they would commence criminal proceedings against plaintiff if they prevailed in the Court of Appeals. Since the Court of Appeals has held for defendants by refusing to enjoin enforcement of the bylaw, a genuine threat of enforcement now exists. In this situation, "principles of federalism not only do not preclude federal intervention, they compel it." *Id.* at 472, 94 S.Ct. at 1222. *See also American Booksellers Association v. McAuliffe*, 533 F.Supp. 50 (N.D.Ga.1981).

### *Plaintiff's State Law Claims.*

▆ Plaintiff contends that the bylaw is "repugnant to law" under M.G.L. c. 40, § 21 because it is inconsistent with the state legislation governing obscene matter. M.G.L. c. 272, §§ 28–32. The analysis under M.G.L. c. 40, § 21 is not directly applicable to the present case because the bylaw in question was passed after the Home Rule Amendment to the Massachusetts Constitution. Mass. Const.Amend. Art. 89. The validity of the bylaw is thus determined by the provision of the Home Rule Procedures Act which states that towns can only adopt bylaws "not inconsistent with the constitution or laws enacted by the general court..." M.G.L. c. 43B, § 13; *see also* Mass. Const.Amend. Art. 89, § 6. Massachusetts courts will not strike a bylaw under this provision unless a state statute on the same subject demonstrates a clear legislative intent to preclude local action. *School Committee of Boston v. City of Boston*, 383 Mass. 693, 421 N.E.2d 1187, 1193 (1981); *Bloom v. City of Worcester*, 363 Mass. 136, 293 N.E.2d 268, 280 (1973).

Local regulations enjoy a presumption of validity, and a sharp conflict between the local and state legislation is required before the local regulation will be held invalid.... That sharp conflict appears when either the legislative intent to preclude local action is clear, or, absent plain expression of such intent, the purpose of the statute cannot be achieved in the face

of the local by-law.... The existence of legislation on a subject does not necessarily preclude local action, as long as the state legislative purpose can be achieved in the face of the local regulation ... *School Committee of Boston v. City of Boston, supra* 421 N.E.2d at 1193 (citations omitted).

Plaintiff argues that the state obscenity statute, M.G.L. c. 272, §§ 28–32, pre-empts local regulation on the same subject because the state statute covers the subject comprehensively. While the state law does address the dissemination of obscene matter to minors, it is silent on the question of whether local action on the issue is precluded. M.G.L. c. 272, § 28. Indeed, the state obscenity provisions make no mention of local action whatsoever. M.G.L. c. 272, §§ 28–32. *See Grace v. Town of Brookline*, 379 Mass. 43, 399 N.E.2d 1038, 1044 (1979). There is no contention that the purpose of the state statute will be frustrated by local regulation on the same subject.

"To the extent possible, local statutes and statutes of general application should be construed together so as to constitute a harmonious whole consistent with the legislative purposes of both..." *School Committee of Boston, supra* 421 N.E.2d at 1193 (citation omitted). In the present case, the bylaw can be read to supplement rather than to supplant the state statute. *See Grace v. Town of Brookline, supra* 399 N.E.2d at 1044–1045. *Compare Anderson v. Boston*, 376 Mass. 178, 380 N.E.2d 628 (1978) app. dism. 439 U.S. 1060 (1979). The bylaw is therefore valid under state law.

*Plaintiff's Constitutional Challenges.*

A. *Prohibition of Protected Expression.*

Plaintiff argues that the bylaw is too broad both as written and as applied because it encompasses expression protected by the First and Fourteenth Amendments to the United States Constitution. While the bylaw was apparently applied to plaintiff for the exhibition of the magazines *Eros* and *Hornshow* in the criminal complaint, the record contains no evidence as to the nature of these magazines which would enable me to make a judgment as to the constitutionality of the bylaw's application to the plaintiff's conduct.

Plaintiff is entitled to challenge the bylaw on its face, however, if it sweeps within its ambit protected expression, regardless of whether it may be constitutionally applied to plaintiff. *New York v. Ferber*, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982); *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 933, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648 (1975). "Obscenity" is not entitled to constitutional protection. *Roth v. United States*, 354 U.S. 476, 485, 77 S.Ct. 1304, 1309, 1 L.Ed.2d 1498 (1957). The United States Supreme Court has set forth the following guidelines to determine what may be judged obscene and may therefore be subject to state regulation:

(a) whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest...

(b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and

(c) whether the work taken as a whole, lacks serious literary, artistic, political or scientific value.

*Miller v. California*, 413 U.S. 15, 24, 93 S.Ct. 2607, 2615, 37 L.Ed.2d 419 (1973) (citations omitted)

The Ashburnham bylaw does not meet these standards. It prohibits the display or sale of any publication, "the cover or content" of which is "lewd, lascivious, or indecent". It employs general language, such as "exploits"; "... lewd, lascivious, indecent"; "lust or passion"; "to exploit sex, lust or perversion for commercial gain"; and "any article or instrument of indecent or immoral use". Furthermore, the bylaw does not require that the work be taken as a whole, that it appeal to the prurient interest or that it depict sexual conduct in a patently offensive way. The terms of the bylaw are much more sweep-

ing than *Miller* and potentially deter a substantial range of expression protected by the First and Fourteenth Amendments.

Although the state's interest in protecting its youth permits a greater degree of control over communicative materials available to them, *Erznoznik v. Jacksonville*, 422 U.S. 205, 212, 95 S.Ct. 2268, 2274, 45 L.Ed.2d 125 (1975); *Ginsberg v. New York*, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968); *American Booksellers Association, Inc. v. McAuliffe*, 533 F.Supp. 50 (N.D.Ga.1981), the Ashburnham bylaw also infringes on the rights of adults. Like the virtually identical statute struck down in *American Booksellers Association, Inc. v. McAuliffe*, "the language includes a public display prohibition which necessarily prevents perusal by, and limits sale to, adults". 533 F.Supp. at 56. *Cf. Butler v. Michigan*, 352 U.S. 380, 383, 77 S.Ct. 524, 525, 1 L.Ed.2d 412 (1957); *Hillsboro News Co. v. Tampa*, 451 F.Supp. 952, 954 (M.D.Fla.1978).

The bylaw is also too broad when considered solely in regard to its impact on minors. While the Supreme Court has not explicitly formulated the standard of obscenity for minors, it has cautioned that "to be obscene, such expression must be, in some significant way, erotic". *Erznoznik v. Jacksonville*, 422 U.S. at 213 n. 10, 95 S.Ct. at 2275 n. 10 *quoting Cohen v. California*, 403 U.S. 15, 20, 91 S.Ct. 1780, 1785, 29 L.Ed.2d 284 (1971).

> Clearly all nudity cannot be deemed obscene even as to minors... Speech that is neither obscene as to youths nor subject to some other legitimate proscription cannot be suppressed solely to protect the young from ideas or images that a legislative body thinks unsuitable for them. In most circumstances, the values protected by the First Amendment are no

less applicable when government seeks to control the flow of information to minors. *Id.* 422 U.S. at 213–214, 95 S.Ct. at 2275 (citation omitted).

The Ashburnham bylaw is far broader than the ordinance upheld by the Supreme Court in *Ginsberg v. New York*, 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968). In *Ginsberg*, the Court upheld a regulation on the sale of obscene materials to minors which included a requirement that such materials be "harmful to minors". "Harmful to minors" was defined in terms closely followed by the Court in *Miller v. California*.[1] The Ashburnham bylaw lacks the guidelines of *Ginsberg* and prohibits access to a broad range of sexually explicit materials which may have serious educational, artistic or scientific value for minors or which under prevailing community standards would be regarded as harmless. *See McAuliffe, supra* at 57. The bylaw is thus unconstitutional on its face because it is not limited to materials which are obscene as to minors. *Erznoznik, supra*, 422 U.S. at 213, 95 S.Ct. at 2274.

**B.** *Vagueness.*

▆▆▆▆ Plaintiff also challenges the bylaw on the grounds of vagueness. The two main concerns of the vagueness doctrine are actual notice as to what the statute commands or forbids and minimal guidelines to govern law enforcement. *Smith v. Goguen*, 415 U.S. 566, 574, 94 S.Ct. 1242, 1247, 39 L.Ed.2d 605 (1973).

A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess at its meaning and differ as to its application, violates the first essential of due process of law.

---

**1.** The statute included the following provision: "Harmful to minors" means that quality of any description or representation, in whatever form, of nudity, sexual conduct, sexual excitement, or sado-masochistic abuse, when it:
(i) predominantly appeals to the prurient, shameful or morbid interest of minors, and
(ii) is patently offensive to prevailing standards in the adult community as a whole with

respect to what is suitable material for minors, and
(iii) is utterly without redeeming social importance for minors.
§ 484–h(1)(f), 390 U.S. at 646, 88 S.Ct. at 1284. The Massachusetts obscenity statute contains a similar definition of "harmful to minors". M.G.L. c. 272, §§ 28, 31.

*Id.* at 572 n. 8, 94 S.Ct. at 1247 n. 8 quoting *Connolly v. General Construction Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926).

The fact that a regulation is adopted for the purpose of protecting children does not cure vagueness. "The permissible extent of vagueness is not directly proportional to, or a function of, the extent of the power to regulate or control expression with respect to children". *Interstate Circuit v. Dallas*, 390 U.S. 676, 689, 88 S.Ct. 1298, 1306, 20 L.Ed.2d 225 (1968); *Rabeck v. New York*, 391 U.S. 462, 88 S.Ct. 1716, 20 L.Ed.2d 741 (1968).

■ The bylaw may be an appropriate target for a vagueness challenge by virtue of the inclusion of terms such as "exploit", "lewd", "lascivious" and "indecent". There are many publications to which the application of this language is uncertain. For plaintiff to raise the argument of vagueness, however, the bylaw must be vague as applied to his conduct. "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974). Plaintiff would not be able to challenge the enactment for vagueness solely based on the lack of fair warning with respect to the conduct of others which might fall within its broad ambit. *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982).

■ The record contains little evidence on the question of what publications are sold by plaintiff. The complaint simply states that he sells "numerous magazines, publications and books" which are available to the public at large throughout Massachusetts and the United States. Defendants contest the wide availability of these materials. In the hearing on plaintiff's motion for a preliminary injunction, plaintiff's counsel stated that some of the magazines sold were *Playboy, Qui* [sic], *Gallery,* and *Hustler.* He said that the materials were not hard-core pornography. He also stated that the magazines at issue in the criminal complaint were entitled *Eros* and *Hornshow.* No affidavits were presented concerning the contents of these magazines. This slim record does not provide a basis upon which to determine whether plaintiff's conduct falls clearly within the bylaw. It is quite possible that the bylaw may not be vague as applied to plaintiff because parts of the bylaw are unambiguous; for example, the listings under "description or depictions of illicit sex or sexual immorality" are narrowly defined and may clearly cover the materials sold by plaintiff.

In conclusion, while I decline to find the bylaw void for vagueness, I do hold that it is unconstitutionally broad. In the words of the Supreme Court in *Erznoznik v. Jacksonville*, 422 U.S. at 217–218, 95 S.Ct. at 2276–2277, quoted in *Fantasy Book Shop, Inc. v. City of Boston*, 652 F.2d 1115, 1126 (1st Cir.1981):

> In concluding that this [bylaw] is invalid we do not deprecate the legitimate interests asserted by the [town] ... we hold only that the present ordinance does not satisfy the rigorous constitutional standards that apply.... Where First Amendment freedoms are at stake we have repeatedly emphasized that precision of drafting and clarity of purpose are essential. These prerequisites are absent here.

A declaratory judgment shall enter for the plaintiff. It should be clear that such a judgment does not preclude the Town from accomplishing its constitutionally acceptable goal of prohibiting the public display of offensive material and material potentially harmful to minors. It does require the Town to redraft its bylaw so that constitutionally protected material is not prohibited by its terms.

### APPENDIX

### PUBLIC DISPLAY MINORS LAW

Sale or Exhibition to Minors of Indecent Publications, Pictures or Articles.

Every person who shall willfully or knowingly engage in the business of selling, lending, giving away, showing adver-

tising for sale or distribution with intent to engage in the said business or to otherwise offer for sale or commercial distribution to any individual under the age of eighteen (18) years or who shall display at newsstands or any other business establishment frequented by minors under the age of eighteen (18) years or where said minors are or may be invited as a part of the general public any motion picture or live show, or any still picture or photograph or any book, pocket book, pamphlet or magazine the cover or content of which exploits, is devoted to, or is principally made up of descriptions or depictions of illicit sex or sexual immorality or which is lewd, lascivious, or indecent, or which consists of pictures of nude or partially denuded figures posed or presented in a manner to provoke or arouse lust or passion or to exploit sex, lust or perversion for commercial gain or any article or instrument of indecent or immoral use shall, upon conviction, be punished by a fine of not more than Two Hundred ($200.00) Dollars.

For the purposes of this section, "description or depictions of illicit sex or sexual immorality" shall mean: (1) human genitals in a state of sexual stimulation or arousal; (2) acts of human masturbation, sexual intercourse or sodomy; (3) fondling or other erotic touching of human genitals, pubic region, buttock or female breast; "nude or partially denuded figures" shall mean: (1) less than completely and opaquely covered (a) human genitals, (b) pubic regions, (c) buttocks and (d) female breast below a point immediately above the tip of the areola, and (2) human genitals in a discernibly turgid state, even if completely and opaquely covered: "knowingly" shall mean having knowledge of the character and content of the publication or failure on notice to exercise reasonable inspection which would disclose the content and character of the same.