# United States Court of Appeals
## For the First Circuit

No. 10-2119

RESPECT MAINE PAC; HAROLD A. CLOUGH; REP. ANDRE E. CUSHING, III,

Plaintiffs, Appellants,

v.

WALTER F. MCKEE; ANDRE G. DUCHETTE, in his official capacity as a member of the Commission on Governmental Ethics and Election Practices; MARGARET E. MATHESON, in her official capacity as a member of the Commission on Governmental Ethics and Election Practices; EDWARD M. YOUNGBLOOD, in his official capacity as a member of the Commission on Governmental Ethics and Election Practices; MARK LAWRENCE, in his official capacity as District Attorney of the State of Maine; STEPHANIE ANDERSON, in her official capacity as District Attorney of the State of Maine; NORMAN CROTEAU, in his official capacity as District Attorney of the State of Maine; EVERT FOWLE, in his official capacity as District Attorney of the State of Maine; R. CHRISTOPHER ALMY, in his official capacity as District Attorney of the State of Maine; GEOFFREY RUSHLAU, in his official capacity as District Attorney of the State of Maine; MICHAEL E. POVICH, in his capacity as District Attorney of the State of Maine; NEAL T. ADAMS, in his official capacity as District Attorney of the State of Maine; ATTORNEY GENERAL, Maine,

Defendants, Appellees.

---

Before
Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

---

**ORDER DENYING EMERGENCY MOTION
FOR INJUNCTION PENDING APPEAL
Entered: October 5, 2010**

Appellants brought suit on August 5, 2010 asserting facial and as applied challenges to the constitutionality of provisions of Maine's elections laws that set independent expenditure reporting requirements, 21-A M.R.S. § 1019-B, limit contributions to candidates for governor to $750 per election, 21-A M.R.S. § 1015(1), and provide, under some conditions, matching public funds for participating Maine Clean Election Act (MCEA) candidates, 21-A M.R.S. § 1125(9).

The district court held a prompt hearing on these requests for relief. It denied appellants' motion for a temporary restraining order on September 15, 2010, and then for a preliminary injunction on September 17, 2010. The district court also denied appellants' motion to consolidate the hearing on the preliminary injunction with the hearing on the merits. The court held it could not determine that there was no dispute over material facts, a dispute appellees strongly asserted existed, and reasoned that consolidation was not appropriate. No hearing on the ultimate merits of the case has been held and final judgment has not been entered.

Appellants have appealed from the denial of the preliminary injunction, and have also filed an emergency motion for injunctive relief pending appeal, seeking relief before the November 2, 2010 elections in Maine.

This Court in turn expedited consideration of both the appeal from the denial of the preliminary injunction and the emergency motion. Oral argument was held on Tuesday, October 5, 2010 and the case was taken under advisement.

We deny the appellants' emergency motion to enjoin operation of the challenged provisions of Maine's election laws pending the outcome of this appeal.

Standards for Issuance of Relief Pending Appeal

A party requesting injunctive relief pending appeal bears the burden of showing that the circumstances of the case justify the exercise of the court's discretion. Nken v. Holder, 129 S.Ct. 1749, 1760-61 (2009). As in cases involving stays of actions pending appeal, we are guided by consideration of four factors: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of relief will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Id. at 1761 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

The first two factors are the most critical. Both require a showing of more than mere possibility. Plaintiffs must show a strong likelihood of success, and they must demonstrate that irreparable injury will be likely absent an injunction. Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 375-376 (2008).

Irreparable Injury and Probability of Success on the Merits

The only irreparable injury claimed by appellants is that to their First Amendment rights. "The fact that [appellants are] asserting First Amendment rights does not automatically require a finding of irreparable injury." Pub. Serv. Co. of New Hampshire v. Town of West Newbury, 835 F.2d 380, 382 (1st Cir. 1987) (quoting Rushia v. Town of Ashburnham, 701 F.2d 7, 10 (1st Cir. 1983)) (internal quotation marks omitted). Whether there is any such harm is the issue that will ultimately be addressed on the merits of the case. We recognize the importance of rights asserted

under the First Amendment, but every case depends on its own facts.

We acknowledge that the issues raised by the challenges to Maine's laws are difficult and will require careful analysis, on a fully developed record. Given these difficulties, we cannot forecast what our ultimate judgment on the merits will be.

Appellees argue that even if <u>Daggett</u> v. <u>Comm'n on Governmental Ethics & Election Practices</u>, 205 F.3d 445 (1st Cir. 2000) has been altered by more recent Supreme Court case law, the ultimate merits of the case turns on material factual disputes to be resolved after discovery. They argue that there are material distinctions between the operation of the Maine statute, and that of the Connecticut statute involved in <u>Green Party of Conn.</u> v. <u>Garfield</u>, Nos. 09-3760-cv, 09-3941-cv, 2010 WL 2737153 (2d Cir. July 13, 2010), the Florida statute in <u>Scott</u> v. <u>Roberts</u>, 612 F.3d 1279 (11th Cir. 2010), and the Minnesota statute in <u>Day</u> v. <u>Holahan</u>, 34 F.3d 1356 (8th Cir. 1994). They argue that, even assuming some burden on First Amendment rights of traditional candidates, a factual hearing will be necessary to resolve the questions of the strength of the state's legitimate interest in combating election fraud and the appearance of fraud, the degree of burden created by the challenged laws, and the narrow tailoring of these laws to achieve the state's anti-corruption interests.

The appellants have not shown any <u>immediate</u> injury that requires issuance of an emergency injunction, putting aside their claim that Maine's laws burden their speech in contravention of the First Amendment. They have not presented this Court with evidence that there are any actions remaining under the challenged matching fund provisions to enjoin before November 2, 2010. It was appellants' burden to produce such evidence.[1]

With respect to Maine's campaign contribution limits, we note that the $750 limit on contributions to candidates for governor challenged by Appellant Clough is a limit per election, whether it be a primary election or a general election. Although Clough reached this maximum in his donation to the Republican candidate in the general election, he gave this candidate only $200 in the primary election. He did not come close to reaching the aggregate contribution limit.

As to the Respect Maine PAC, it also has shown no immediate injury, as it has not produced evidence that it spent any sums nor has it alleged specific plans to make expenditures likely to trigger matching funds.

<u>Balance of the Harms and the Public Interest</u>

Under the balancing test, we consider the considerable harm that an emergency injunction would cause the many candidates, both MCEA participants and not, who have relied on the challenged provisions. We also note the harm to the public interest from the chaos that will ensue

---

[1]   Though given the opportunity to provide further affidavits setting forth any continuing injury to the appellants as of the date of denial of the preliminary injunction, and through the appeal, appellants have declined to do so.

if the Maine election laws, which have been in place since 1996, are invalidated by a court order in the crucial final weeks before an election.[2]

In determining the weight to be accorded to the appellants' claims, we also note that this "emergency" is largely one of their own making. The appellants, well aware of the requirements of the election laws, chose not to bring this suit until August 5, 2010, shortly before the November 2 elections. Appellant Cushing, an incumbent running for reelection, declared his candidacy before March 15, 2010. Appellants did not file their case until at least six months after roughly 280 candidates had declared their intention to rely on MCEA public funding, and two months after the primary election.[3] Further, the case law on which they rely is not new. They rely primarily on Davis v. Fed. Election Comm'n, 128 S.Ct. 2759 (2008), which was decided on June 26, 2008. Citizens United v. Fed. Election Comm'n, 130 S.Ct. 876 (2010), was decided in January 2010.

Given the potential harm to Maine and to all candidates if the emergency injunction were granted, and the public interest in maintaining the status quo during the period of the Court's deliberations, we deny the emergency motion.

So ordered.

cc: Hon. George S. Singal, Ms. Linda Jacobson, Clerk, United States District Court for the District of Maine, James Bopp, Jr., Josiah Neeley, Anita Y. Woudenberg, David P. Crocker, Phyllis Gardiner Mr. John R. Brautigam, Ms. Brenda Wright, Mr. Knowlton, Mr. Neeley, Ms. Danetz, Ms. Marziani, Ms. Youn and Thomas A. Knowlton.

---

[2]    The district court in McComish v. Brewer, No. cv-08-1550, 2008 WL 4629337 (D. Ariz. Oct. 17, 2008), found that although the plaintiffs challenging the Citizen Clean Election Act had shown "a very strong likelihood of success on the merits," the "extraordinary balance of the harms required in the context of an ongoing election" required a finding that they were not entitled to a preliminary injunction against the election. Id. at *12.

[3]    By contrast, in Daggett v. Comm'n on Gov'tal Ethics & Election Practices, 205 F.3d 445 (1st Cir. 2000), plaintiffs filed their challenge almost two years ahead of the 2000 elections.