MAINE SUPREME JUDICIAL COURT                         Reporter of Decisions
Decision:      2013 ME 12
Docket:        Yor-13-53; Yor-13-54; SJC-13-1
Considered
 On Briefs:    January 24, 2013
Decided:       January 24, 2013

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR,
               JJ.
Majority:      SAUFLEY, C.J., and LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.
Dissent:       ALEXANDER, J.

## IN RE MAINE TODAY MEDIA, INC.

**********

## STATE OF MAINE

v.

## MARK W. STRONG, SR.

SAUFLEY, C.J.

[¶1]  Before us are (1) Maine Today Media, Inc.'s expedited appeal from the Superior Court's (York County, *Mills, J.*) denial of its motions for a stay and to intervene in the matter of *State v. Strong* and (2) its motion for a temporary restraining order,[1] seeking relief in the nature of mandamus or prohibition, or, in the alternative, for an emergency stay of the court's order, seeking access for the public and the press to observe the process of jury voir dire in a criminal proceeding brought by the State against Mark Strong.  *See* 14 M.R.S. § 5301 (2012); M.R. Civ. P. 81(c); M.R. App. P. 10.

---

[1] *See Ingraham v. Univ. of Me. at Orono*, 441 A.2d 691, 693 (Me. 1982).

[¶2]  We address only the pending appeal and we deny the motion for a temporary restraining order and petitions seeking relief in the nature of mandamus or prohibition.  We accept the interlocutory appeal according to the death knell exception to the final judgment rule.  *See Liberty v. Bennett*, 2012 ME 81, ¶ 18, 46 A.3d 1141.  In so doing, recognizing the press of time, we do not further address the right of intervention, and we reserve further analysis of the public's right to intervene in criminal matters to future proceedings.

[¶3]  The appeal presented by Maine Today requires attention to, and the balancing of, rights protected by the United States and Maine Constitutions:

- At the jury voir dire stage of a criminal trial, the public, including the press, has rights protected by the First Amendment to the United States Constitution.  *See Press-Enterprise Co. v. Super. Ct. of Cal., Riverside Cnty.*, 464 U.S. 501 (1984).

- At the same time, Mark Strong has the right to a public trial pursuant to the Sixth Amendment of the United States Constitution.  *See Presley v. Georgia*, 558 U.S. 209, 175 L. Ed. 2d 675 (2010).

- Both Strong and the State have the right to an impartial jury and a fair trial.

[¶4]  The matter challenged here relates only to the jury selection process. The court initiated jury selection through a process regularly used in Maine courts

that provided for extensive individual voir dire, with the practical effect that the public was excluded from the voir dire process. After jury selection had begun, the trial court received a letter from counsel for Maine Today asserting a greater right to public access. The court initially agreed to open the process to the public upon Strong's agreement.

[¶5] After considering the options, however, Strong, in consultation with counsel, expressed concerns about the ability to draw an impartial jury if the process used by the court were changed. The court then agreed to continue with the individual voir dire process. Maine Today's motion to intervene followed, at the end of the day of jury selection. Given the lateness of the request, the trial court denied the motion, and Maine Today filed the pending interlocutory appeal.

[¶6] We have determined that, in granting the defendant's request for the continuation of non-public voir dire, the court did not have an opportunity to consider all reasonable alternatives to closure in order to accommodate the right of the public to attend criminal trials, as required by *Press Enterprises*, 464 U.S. at 508, 510-13.

[¶7] The findings of the trial court reflect that the process barred the public, which includes the media, from voir dire based on the concern that juror candor would be reduced. Although the trial court exercises substantial discretion over the mode and conduct of voir dire, a generalized concern that juror candor might be

4

reduced if voir dire is conducted in public is insufficient pursuant to *Press-Enterprise* to bar the public or media from the entirety of the process.

[¶8] Accordingly, we vacate the denial of the motion to intervene and allow intervention for the limited purpose of the matters addressed in this appeal.

[¶9] We vacate the court's order barring the public from the entirety of the voir dire process. The matter is remanded for the trial court to conduct the remaining voir dire in a presumptively public manner, exercising its considerable discretion to prevent the dissemination of sensitive juror information. The public's access to the jury selection that has already occurred can be addressed, again at the court's discretion, by the release of appropriately redacted transcripts.

[¶10] Recognizing that the urgency of this matter has resulted in an order entered without direct input to this Court from the State and the defendant, we note that the parties have presented their positions regarding the public's access to the jury selection in the record that is before us and that the parties will have an opportunity to address the future process of jury selection with the trial justice. Finally, in order to assure that we have not overlooked any aspect of the parties' positions, we provide the following process: if the State, the defendant, or Maine Today wishes to file a motion for reconsideration, that party shall notify the trial justice and the Clerk of the Law Court of the party's intent to do so by 2:00 p.m. today. In the absence of such notice, the mandate shall issue immediately to avoid

any further delay of the proceedings. Any such motion shall be filed with the Clerk of the Law Court before 4:00 p.m. today, January 24, 2013.

The entry is:

> Denial of the motion to intervene vacated. Intervention is allowed for the limited purpose of the matters addressed in this appeal. Order barring the public from the entirety of the voir dire process vacated. The matter is remanded for the trial court to conduct the remaining voir dire in a presumptively public manner, exercising its considerable discretion to prevent the dissemination of sensitive juror information.
>
> If the State, the defendant, or Maine Today intends to file a motion for reconsideration, that party shall notify the trial justice and the Clerk of the Law Court of the party's intent to do so by 2:00 p.m. today. Any such motion shall be filed with the Clerk of the Law Court before 4:00 p.m. today, January 24, 2013.

———————————————

ALEXANDER, J., dissenting

[¶11] I respectfully dissent from the Court's decision to involve itself in the trial process to direct how the trial court should conduct voir dire and jury selection. I would not grant such extraordinary relief based on the one-sided request of a newspaper publisher, without full understanding of the reasons for the

trial judge's action, and without even hearing the positions of the State and the defense in this difficult proceeding.

[¶12] We should not grant requests for injunctive relief lightly, particularly when that request comes to us ex parte. *See Bangor Historic Track, Inc. v. Dep't of Agric., Food & Rural Res.*, 2003 ME 140, ¶¶ 9-10, 837 A.2d 129. In *Bangor Historic Track*, we observed that the moving party seeking injunctive relief must demonstrate that: (1) it will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting the injunctive relief would inflict on the other party; (3) it has a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); and (4) the public interest will not be adversely affected by granting the injunction. *Id.* ¶ 9 (citing *Ingraham v. Univ. of Maine at Orono*, 441 A.2d 691, 693 (Me. 1982)). Not one of those criteria, let alone all four, is demonstrated here.

[¶13] The First Circuit's opinion in *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010), is instructive on the issue of stays or injunctive action by appellate courts, stating, "A party requesting injunctive relief pending appeal bears the burden of showing that the circumstances of the case justify the exercise of the court's discretion." *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 433-34, 129 S. Ct. 1749, 1760-61 (2009)). The First Circuit emphasized that in considering motions for stays or injunctions pending appeal, appellate courts are guided by

consideration of four factors: (1) whether the applicant has made a "strong showing" that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of relief will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* (citing *Nken*, 556 U.S. at 434, 129 S. Ct. at 1761 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987))). The First Circuit observed that "[t]he first two factors are the most critical. Both require a showing of more than mere possibility. Plaintiffs must show a strong likelihood of success, and they must demonstrate that irreparable injury will be likely absent an injunction." *Id.* (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 375-376 (2008)).

[¶14] The opinion primarily relied on by the Court, *Presley v. Georgia*, 558 U.S. 209, 175 L. Ed. 2d 675 (2010), does not hold that all voir dire, and particularly individual voir dire, must be seen and heard by the press and the public. Here the record is inadequate to even tell us whether the voir dire at issue is general voir dire or individual voir dire. *Presley* recognizes that there may be circumstances when voir dire must be conducted out of the public view and away from the public ear. *See id.* at ---, 175 L. Ed. 2d at 679-81. It instructs only that, when a trial court decides to conduct individual voir dire in private, as appears to

8

have occurred here, the court consider alternatives to closure and make explicit findings supporting the decision. *See id.* at ---, 175 L. Ed. 2d at 680-81.

[¶15] The trial court in this case considered *Presley* and has made findings consistent with those described in *Presley*. Those findings, in part, are that:

> [A]s the *Presley* case allows, . . . there may be exceptions for allowing open voir dire covered by the media and attended by the public. Because of the very media attention that this case has gathered and the questions that are asked during voir dire, the responses that we have received from these jurors, who, by the way, were told that their answers to the questionnaires will be confidential, the answers that we have received are candid. And I think that inquiry is necessary. Probing questions, candid answers, is necessary to ensure that we have a fair and impartial jury for Mr. Strong and for the State of Maine in this case based on the extraordinary and unprecedented media coverage that this case has received.
>
> So that is my reason. I expect that if the voir dire were conducted in an open manner, based on the representations we have [made] to the jury, the jurors, who have filled out these questionnaires, I am concerned that the candor would be reduced. I am concerned that the questions, that I asked and that the attorneys have requested to ask and have been allowed to ask, would be different and I think that that could affect in a very substantial way Mr. Strong's rights in particular and the State of Maine's rights to a fair and impartial jury.
>
> So, certainly the press is more than welcome to cover the aspects of the trial that have been allowed . . . – in the camera-in-the-courtroom administrative order. You're welcome to cover the motion hearings that we are going to do in open court either now or after jury selection is concluded. But based on my discussions with counsel this morning, and based on the research I was able to do last night and this morning, and based on my considerations of everyone's rights in this case, the voir dire will continue to be not covered by the media and not open to the public.

[¶16]   These findings appear to be precisely the type contemplated by *Presley* to justify keeping individual voir dire private, privacy for individual voir dire that is consistent with long-standing Maine practice.  *See generally State v. DeMotte*, 669 A.2d 1331, 1335 (Me. 1996).

[¶17]   With the trial court's findings, the appellant has failed to demonstrate that (1) staying or changing the trial proceedings outweighs any harm which granting the injunctive relief will inflict on the State and the defense who have not been heard; (2) the appellant has a substantial likelihood of success on the merits; or (3) the public interest will not be adversely affected by granting the injunction. *See Bangor Historic Track*, 2003 ME 140, ¶ 9, 837 A.2d 129.  Additionally, the appellant has failed to demonstrate the irreparable injury necessary for ex parte injunctive relief, as, if it should prevail on the merits after our deliberate consideration, the voir dire transcripts, redacted as appropriate, could be made available to it.  Accordingly, I would not grant any stay or otherwise give supervisory direction to the trial court.

---

**Appearances for the parties:**

Sigmund D. Schutz, Esq., and Benjamin S. Piper, Esq., Preti Flaherty Beliveau & Pachios, LLP, Portland, for Maine Today Media, Inc.

Kathryn M. Slattery, District Attorney, and Justine McGettigan, Asst. Dist. Atty., appearing for the State of Maine in the trial court

Daniel G. Lilley, Esq., and Tina Nadeau, Esq., appearing for Mark W. Strong Sr. in the trial court

York County Superior Court docket number CR-2012-2049
FOR CLERK REFERENCE ONLY