ALEXANDER, J.,
dissenting.
[¶ 11] I respectfully dissent from the Court’s decision to involve itself in the trial process to direct how the trial court should conduct voir dire and jury selection. I would not grant such extraordinary relief based on the one-sided request of a newspaper publisher, without full understand *502 ing of the reasons for the trial judge’s action, and without even hearing the positions of the State and the defense in this difficult proceeding.
[¶ 12] We should not grant requests for injunctive relief lightly, particularly when that request comes to us ex parte. See Bangor Historic Track, Inc. v. Dep’t of Agric., Food & Rural Res., 2008 ME 140, ¶¶ 9-10, 887 A.2d 129. In Bangor Historic Track, we observed that the moving party seeking injunctive relief must demonstrate that: (1) it will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting the injunctive relief would inflict on the other party; (3) it has a likelihood of success on the merits (at most, a probability; at least, a substantial possibility); and (4) the public interest will not be adversely affected by granting the injunction. Id. ¶ 9 (citing Ingraham v. Univ. of Maine at Orono, 441 A.2d 691, 693 (Me.1982)). Not one of those criteria, let alone all four, is demonstrated here.
[¶ 13] The First Circuit’s opinion in Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir.2010), is instructive on the issue of stays or injunctive action by appellate courts, stating, “A party requesting injunctive relief pending appeal bears the burden of showing that the circumstances of the case justify the exercise of the court’s discretion.” Id. (citing Nken v. Holder, 556 U.S. 418, 433-34, 129 S.Ct. 1749, 1760-61, 173 L.Ed.2d 550 (2009)). The First Circuit emphasized that in considering motions for stays or injunctions pending appeal, appellate courts are guided by consideration of four factors: (1) whether the applicant has made a “strong showing” that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent relief; (3) whether issuance of relief will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Id. (citing Nken, 556 U.S. at 434, 129 S.Ct. at 1761 (quoting Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987))). The First Circuit observed that “[t]he first two factors are the most critical. Both require a showing of more than mere possibility. Plaintiffs must show a strong likelihood of success, and they must demonstrate that irreparable injury will be likely absent an injunction.” Id. (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 375-376, 172 L.Ed.2d 249 (2008)).
[¶ 14] The opinion primarily relied on by the Court, Presley v. Georgia, 558 U.S. 209, 130 S.Ct. 721, 175 L.Ed.2d 675 (2010), does not hold that all voir dire, and particularly individual voir dire, must be seen and heard by the press and the public. Here the record is inadequate to even tell us whether the voir dire at issue is general voir dire or individual voir dire. Presley recognizes that there may be circumstances when voir dire must be conducted out of the public view and away from the public ear. See id. at-, 130 S.Ct. at 723-24, 175 L.Ed.2d at 679-81. It instructs only that, when a trial court decides to conduct individual voir dire in private, as appears to have occurred here, the court consider alternatives to closure and make explicit findings supporting the decision. See id. at-, 130 S.Ct. at 724-25, 175 L.Ed.2d at 680-81.
[¶ 15] The trial court in this case considered Presley and has made findings consistent with those described in Presley. Those findings, in part, are that:
[A]s the Presley case allows, ... there may be exceptions for allowing open voir dire covered by the media and attended by the public. Because of the very media attention that this case has gathered and the questions that are asked during voir dire, the responses that we have *503 received from these jurors, who, by the way, were told that their answers to the questionnaires will be confidential, the answers that we have received are candid. And I think that inquiry is necessary. Probing questions, candid answers, is necessary to ensure that we have a fair and impartial jury for Mr. Strong and for the State of Maine in this case based on the extraordinary and unprecedented media coverage that this case has received.
So that is my reason. I expect that if the voir dire were conducted in an open manner, based on the representations we have [made] to the jury, the jurors, who have filled out these questionnaires, I am concerned that the candor would be reduced. I am concerned that the questions, that I asked and that the attorneys have requested to ask and have been allowed to ask, would be different and I think that that could affect in a very substantial way Mr. Strong’s rights in particular and the State of Maine’s rights to a fair and impartial jury-
So, certainly the press is more than welcome to cover the aspects of the trial that have been allowed ... — in the camera-in-the-courtroom administrative order. You’re welcome to cover the motion hearings that we are going to do in open court either now or after jury selection is concluded. But based on my discussions with counsel this morning, and based on the research I was able to do last night and this morning, and based on my considerations of everyone’s rights in this case, the voir dire will continue to be not covered by the media and not open to the public.
[¶ 16] These findings appear to be precisely the type contemplated by Presley to justify keeping individual voir dire private, privacy for individual voir dire that is consistent with long-standing Maine practice. See generally State v. DeMotte, 669 A.2d 1331, 1335 (Me.1996).
[¶ 17] With the trial court’s findings, the appellant has failed to demonstrate that (1) staying or changing the trial proceedings outweighs any harm which granting the injunctive relief will inflict on the State and the defense who have not been heard; (2) the appellant has a substantial likelihood of success on the merits; or (3) the public interest will not be adversely affected by granting the injunction. See Bangor Historic Track, 2003 ME 140, ¶ 9, 837 A.2d 129. Additionally, the appellant has failed to demonstrate the irreparable injury necessary for ex parte injunctive relief, as, if it should prevail on the merits after our deliberate consideration, the voir dire transcripts, redacted as appropriate, could be made available to it. Accordingly, I would not grant any stay or otherwise give supervisory direction to the trial court.