People v Broadnax (2019 NY Slip Op 06788)





People v Broadnax


2019 NY Slip Op 06788


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-00486 ON MOTION

[*1]The People of the State of New York, respondent,
v
Simone Broadnax, appellant. (S.C.I. No. 10056/16)


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sharon D. Hudson, J.), rendered December 8, 2016, convicting her of criminal possession of a weapon in the fourth degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which he moves for leave to withdraw as counsel for the appellant.
ORDERED that assigned counsel's motion for leave to withdraw as counsel for the appellant is denied; and it is further,
ORDERED that the brief filed on behalf of the appellant is stricken, and assigned counsel shall serve and file a replacement brief in accordance herewith within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the replacement brief on behalf of the appellant is served and filed. The parties are directed to file one original and five duplicate hard copies, and one digital copy, of their respective briefs, and to serve one hard copy on each other (see 22 NYCRR 1250.9[a][4]; [c][1]).
Upon our independent review of the record, we conclude that at least one nonfrivolous issue exists for appeal, i.e., whether Penal Law § 265.01(1), the statute to which the defendant pleaded guilty, as applied to electronic stun guns, is unconstitutional (see People v Tannenbaum, 23 NY2d 753; People v Edrees, 123 AD3d 842; Avitabile v Beach, 368 F Supp 3d 404 [ND NY]). Inasmuch as Penal Law § 265.01 was found to be unconstitutional by the United States District Court for the Northern District of New York subsequent to assigned counsel submitting his brief (see Avitabile v Beach, 368 F Supp 3d 404), we refer the matter back to assigned counsel to prosecute the appeal (see Matter of Giovanni S. [Jasmin A.], 89 AD3d 252).
DILLON, J.P., AUSTIN, ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court