■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL RODRIGUEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 12, 1978, convicting him of criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The record reveals that the Trial Judge, in his charge, failed to instruct the jury that, in order to return a verdict of guilty, it was necessary to find that defendant was aware that the property which he allegedly possessed was stolen (see *Matter of Tony M.*, 44 NY2d 899; 2 CJI [NY] PL 165.15 [1], p 1047). Since the omission related to an important element of the crime charged, which had to some extent been placed in issue by the defendant's case, we believe that the trial court's error deprived defendant of a fair trial. Therefore, even though no exception to the charge was taken, a new trial is required. Because reversal is clearly required in view of the erroneous charge, we find it unnecessary to reach the remaining issue raised on appeal. Gibbons, J. P., Gulotta, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD F. STECKOWSKI, Appellant.—Appeal by defendant, as limited by his motion, from a sentence and an amended sentence of the County Court, Suffolk County, both imposed June 18, 1979, which prescribed consecutive prison terms, upon (1) the revocation of a sentence of probation previously imposed and (2) his conviction of operating a motor vehicle under the influence of alcohol, on his plea of guilty. Sentences modified, as a matter of discretion in the interest of justice, by reducing them to the extent that they shall be served concurrently. As so modified sentences affirmed. The sentences were excessive to the extent indicated herein. Gibbons, J. P., Rabin, Gulotta and Margett, JJ., concur.