■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LLOYD CARL DAVIS, Appellant. — Appeal from judgment of the County Court of Broome County (Kepner, Jr., J.), rendered February 19, 1982, upon a verdict convicting defendant of the crime of assault in the second degree. On December 2, 1981, Joan M. Collier, while in her apartment at Binghamton, New York, was beaten with a meat tenderizer about the head and body by William Fletcher. Defendant Davis had accompanied Fletcher to the Collier apartment, which they had visited on prior occasions. On this date, while they were engaged in conversation at a small kitchen table, defendant Davis approached the victim from behind, lifted her from her chair and threw her to the floor whereupon Fletcher repeatedly struck her with a meat tenderizer. As the victim screamed, Davis placed a towel in her mouth and muffled the screams. Shortly thereafter they both departed. When the pair left the Collier apartment house, they were observed by a fellow tenant who later identified Davis. The following day a nationwide teletype alert was transmitted notifying all recipients that Davis and Fletcher were wanted by Binghamton authorities. At about 1:00 A.M., on December 7, 1981, Davis was taken into custody in Florida pursuant to the teletype notice. At about 8:00 A.M., the investigating officer at the Binghamton Police Department was advised that Davis was in custody but that no statement had been taken from him. Florida authorities were requested to attempt to obtain a statement from Davis. At about 2:00 P.M. they advised that a confession had been obtained. A felony complaint was thereafter filed with the City Court of Binghamton, a warrant obtained and Davis returned to Binghamton. Defendant objected to the use of his confession, but his request was denied after a hearing, and the confession was received in evidence, over objections, at trial. On this appeal, he argues that his confession was improperly obtained and inadmissible because the teletype information forwarded prior to his apprehension was a "constructive warrant" which triggered his right to counsel, a right which could not be waived except in the presence of counsel *(People v Samuels,* 49 NY2d 218; *People v Settles,* 46 NY2d 154). This argument must be rejected. There was no significant judicial involvement until the filing of the felony complaint which was after defendant made his statement to the Florida authorities. Criminal proceedings had not been commenced and the right to counsel had not attached *(People v Samuels, supra; People v Claudio,* 85 AD2d 245, app dsmd 58 NY2d 690). It was up to the police authorities to determine when they had sufficient evidence to commence

a criminal proceeding and they are under no duty to halt a criminal investigation with a mere minimum of evidence to establish probable cause (*Hoffa v United States,* 385 US 293, 310). Defendant also contends that the court erroneously instructed the jury with respect to a stipulation entered into between the prosecutor and the defendant's attorney. At the conclusion of the People's case, in order to dispense with the production of hospital records and the testimony of a medical witness, then unavailable, the defense indicated it would stipulate that the victim suffered substantial pain and physical injury. The jury was then so instructed and the People rested. When the court charged the jury, it explained, in detail, the necessary elements required to find the defendant guilty of aiding and abetting Fletcher in the commission of the crime of assault in the second degree, i.e., an assault with intent to cause physical injury to another and, in fact, causing such injury by means of a dangerous instrument. However, it misstated the content of the stipulation by saying that it included the fact that the *defendant's act* caused the physical injury to Joan Collier. The court immediately thereafter repeated the elements of the crime required to be found by the jury, this time with a proper reference to the stipulation. When the court charged the lesser included offense of assault in the third degree, it again referred to the stipulation in proper form. At the conclusion of the charge, there were no requests or exceptions by either attorney. However, when the jury returned for further instructions, i.e., a request for the repetition of the elements of assault in the second degree, the court again stated that it had been stipulated that defendant's acts caused physical injury to Joan Collier. Defendant's attorney voiced his objection after the jury retired, but the court made no effort to correct its misstatement in the supplemental charge. The scope of defendant's participation in the actual physical beating of the victim is crucial to the question of his accessorial liability. Since every material element of the crime charged must be proven beyond a reasonable doubt, the court, in effect, improperly removed the burden of proving this essential element from the prosecution by instructing the jury, erroneously, that such element had been stipulated. Even in the face of overwhelming proof of physical injury and substantial pain to the victim, we cannot say that the error was harmless, since it bears directly on the issue of defendant's intent to commit the crime charged (*People v Getch,* 50 NY2d 456). Judgment reversed, on the law, and a new trial ordered. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.