■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ROSENBLITT, Appellant. [603 NYS2d 888] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered September 11, 1992, convicting him of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

On appeal, the defendant contends that the People failed to

prove that he intentionally aided the codefendants in committing Medicaid fraud. However, since the defendant did not raise this issue in his motion for a trial order of dismissal or in his motion to set aside the verdict, he has not preserved this issue for appellate review (see, CPL 470.05 [2]; People v Bynum, 70 NY2d 858; People v Johnson, 185 AD2d 247). In any event, viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant possessed the requisite intent and acted in concert with the codefendants to defraud the State through fraudulent Medicaid claims. Notably, the accomplices' testimony which incriminated the defendant was sufficiently corroborated (see, CPL 60.22 [1]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The trial court did not err in failing to impose sanctions on the prosecution for the loss of Rosario material. The defendant contends that the trial court should have imposed sanctions on the prosecution for the loss of a cover page to a statement that a witness gave to the Attorney-General's office. It is unclear from the record whether the "missing" cover page existed. In any event, the record reveals that if the cover page had been produced, it would only have contained the conditions under which the statement was given. Therefore, since the cover page did not contain any statements attributable to a witness, it did not constitute Rosario material (see, People v Rosario, 9 NY2d 286, cert denied 368 US 866; see also, CPL 240.45 [1] [a]).

Although the prosecutor misstated the law during summation by stating that the People only needed to prove that the defendant aided the codefendants to commit the Medicaid fraud, thereby omitting the element of intent, the comment could not have been interpreted by the jury as an instruction on the law, since the prosecutor had previously stated that the Judge would instruct them on the law (see, People v Hart, 176 AD2d 148). In light of the trial court's charge that the People were required to establish that the defendant acted with intent, there is no possibility that the jury found the defendant guilty without concluding he possessed the requisite intent (see, People v Hart, supra). In any case, any error was harmless in view of the overwhelming evidence of the defendant's guilt (see, People v Crimmins, 36 NY2d 230).

The defendant's remaining contentions are either unpre-

served for appellate review or without merit. Bracken, J. P., Rosenblatt, Copertino and Pizzuto, JJ., concur.