■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MELVIN, Appellant. [636 NYS2d 827] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered September 16, 1994, convicting him of petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the trial court's refusal to grant him an adjournment to secure the presence of four additional witnesses violated his constitutional right to compulsory process and constituted an abuse of discretion. The granting of an adjournment for any purpose is a matter of discretion for the trial court (*see, People v Singleton*, 41 NY2d 402, 405). Here, the trial court did, in fact, give the defendant an opportunity to secure and present his additional witnesses, albeit not when the defendant initially requested the adjournment. A review of the record indicates that during cross-examination of the defendant there was a brief recess during which the court, *inter alia*, inquired as to the remaining witnesses each party intended to call. The Trial Judge then stated that he would give defense counsel until the next morning to produce his "mystery witnesses" even though he did not feel that their testimony was relevant to the case. Consequently, the court's ruling was not an improvident exercise of discretion. Additionally, inasmuch as the four additional witnesses were going to testify that the defendant and the complainant were "still involved in a boyfriend/girlfriend relationship" at the time of the alleged incident, the testimony of those witnesses was not relevant to the charge of petit larceny (*see, People v Singleton, supra; People v Allen*, 200 AD2d 387).

We further reject the defendant's contention that he was unduly prejudiced by the trial court's *Sandoval* ruling because of the similarity between his prior attempted assault conviction and the charge of assault in the instant case. We note that as the defendant failed to advance this claim at the *Sandoval* hearing, his present contention is unpreserved for appellate review (*see, People v Brito*, 179 AD2d 666). In any event, the court's ruling was not an improvident exercise of discretion (*see, People v Pavao*, 59 NY2d 282; *People v Kyser*, 147 AD2d 590; *People v Rahman*, 62 AD2d 968, *affd* 46 NY2d 882).

The sentence imposed was not illegal or excessive (*see, Matter of Kalamis v Smith*, 42 NY2d 191, 197; *People v Suitte*, 90 AD2d 80, 85-86).

The defendant's remaining contention is without merit. Balletta, J. P., Miller, O'Brien and Sullivan, JJ., concur.