■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RIVERA, Also Known as ANTHONY RIVIERA, Appellant. [703 NYS2d 488] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered January 16, 1996, convicting him of assault in the first degree, criminal possession of a weapon in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the identity of the intended target is not an essential element of assault in the first degree (*see, People v Charles,* 61 NY2d 321; *People v Castellanos,* 234 AD2d 381; *People v Cassidy,* 133 AD2d 374). Therefore, the court's charge to the jury was a permissible constructive amendment to the indictment in that it neither changed the theory of the prosecution nor otherwise prejudiced the defendant on the merits (*see, People v Spann,* 56 NY2d 469, 473; CPL 200.70 [1]). Moreover, the proof presented at trial did not vary from the allegations before the Grand Jury and, therefore, the defendant was not deprived of fair notice of what the People would attempt to prove or the right to be tried on charges determined by the Grand Jury (*see, People v Grega,* 72 NY2d 489, 496). Sullivan, J. P., Krausman, McGinity and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX RIVERA, Appellant. [701 NYS2d 631] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered June 27, 1997, convicting him of burglary in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the jury verdict that convicted him of burglary in the third degree and criminal mischief in the fourth degree, but acquitted him of criminal possession of stolen property in the fifth degree, possession of burglar's tools, and unlawful possession of a radio device, was not repugnant. The essential elements of the crimes of which the defendant was convicted, as charged by the court, differ from the essential elements of the crimes of which he was acquitted (*see, People v Tucker,* 55 NY2d 1, 6-7).

The Supreme Court's *Sandoval* ruling was a provident exercise of discretion. The court balanced the relevant factors and formulated an appropriate compromise (*see, People v Walker,* 83 NY2d 455, 458-459; *People v Sandoval,* 34 NY2d 371).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The remaining contentions raised in the defendant's supplemental *pro se* brief are either unpreserved for appellate review or without merit. Ritter, J. P., Altman, Schmidt and Smith, JJ., concur.