■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FINKELSTEIN, Appellant. [782 NYS2d 377]—Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered March 7, 2003, convicting him of grand larceny in the second degree and offering a false instrument for filing in the first degree (eight counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his criminal intent is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Rosenblitt*, 198 AD2d 382, 383 [1993]). In any event, viewing the evidence adduced at trial in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the defendant possessed the requisite intent to defraud the State of New York through fraud-

ulent Medicaid claims (*see People v Rosenblitt, supra; People v Weinberg*, 183 AD2d 932, 934 [1992]; *People v Chaitin*, 94 AD2d 705, 705-706 [1983], *affd* 61 NY2d 683 [1984]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that he was tried on a theory not presented in the indictment is unpreserved for appellate review (*see People v Udzinski*, 146 AD2d 245 [1989]), and in any event, is without merit (*see People v Rivera*, 268 AD2d 445 [2000]; *People v Espinal*, 208 AD2d 644, 645 [1994]).

The defendant was afforded the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]).

The defendant's remaining contention is unpreserved for appellate review, and in any event, is without merit (*see People v Tarikere*, 173 AD2d 660 [1991]; *People v Albanese*, 144 AD2d 952 [1988]). Florio, J.P., Goldstein, Mastro and Fisher, JJ., concur.