■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW JONES, Appellant. [838 NYS2d 126]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered May 27, 2005, convicting him of murder in the second degree and assault in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life for murder in the second degree, to run consecutively to an indeter-

minate term of imprisonment of 12 years to life for assault in the second degree.

Ordered that the judgment is modified, on the law, by directing that the terms of imprisonment imposed shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant shot and killed the decedent and wounded the complainant. He was charged in the indictment, inter alia, with murder in the second degree and assault in the second degree and was convicted of those charges, upon a jury verdict.

The defendant's contention regarding the Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371, 375 [1974]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Melvin,* 223 AD2d 604 [1996]). In any event, the Supreme Court's ruling struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to him (*see People v Davis,* 299 AD2d 420, 421 [2002]; *People v Bradley,* 294 AD2d 373 [2002]; *People v Turner,* 239 AD2d 447 [1997]).

In the indictment, the defendant was charged with assault in the second degree as defined in Penal Law § 120.05 (2) using the doctrine of transferred intent, in that, with intent to cause physical injury to the decedent, the defendant caused physical injury to the complainant by means of a handgun. In its instructions to the jury, the court stated that the jury could find the defendant guilty of that charge if it found that the defendant's intent was to injure either the decedent or the complainant. The defendant objected to presenting these alternative theories to the jury.

Penal Law § 120.05 (2) defines assault in the second degree in the following manner: "With intent to cause physical injury to another person, he causes such injury *to such person or to a third person* by means of a deadly weapon or a dangerous instrument" (emphasis supplied). The identity of the intended target is not an essential element of the crime (*see People v Rivera,* 268 AD2d 445 [2000]). The trial court's instructions were proper under the circumstances (*see People v Wells,* 7 NY3d 51, 57 [2006]; *People v Castellanos,* 234 AD2d 381 [1996]).

On appeal, the defendant challenges the legality of imposing consecutive terms of imprisonment. This issue does not require preservation (*see People v Nieves,* 2 NY3d 310, 316 [2004]; *People v Laureano,* 87 NY2d 640, 643 [1996]).

Consecutive sentences may be imposed if "either the elements of the crimes do not overlap or if the facts demonstrate that the defendant's acts underlying the crimes are separate and

distinct" (*People v Ramirez*, 89 NY2d 444, 451 [1996]). If there has been a trial, the People may offer facts from the trial record to demonstrate that the acts underlying the crimes are separate and distinct (see *People v Laureano, supra* at 644). There must be a sufficient factual basis for the court to conclude that the victims were hit with different bullets (*see People v Rivera,* 262 AD2d 31 [1999]; *People v Luster,* 148 AD2d 305, 306 [1989]).

In the instant case, the decedent was shot five times. No bullets were found in his body. The complainant suffered two bullet wounds: one in the right upper thigh and a graze wound along his right side. Five shell casings were found at the scene. There was no evidence to support the conclusion that the decedent and the complainant were hit by different bullets, and the record does not indicate that there were more than five bullets involved. Accordingly, the defendant's acts were not separate and distinct and the imposition of consecutive terms of imprisonment was improper (*see People v Brathwaite,* 63 NY2d 839, 843 [1984]).

The defendant's remaining contention has been rendered academic in light of our determination (*see People v Hamilton,* 4 NY3d 654, 658 n 1 [2005]). Schmidt, J.P., Goldstein, Angiolillo and McCarthy, JJ., concur.