■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN HERNANDEZ, Appellant. [843 NYS2d 171]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered May 17, 2005, convicting him of attempted burglary in the second degree, criminal mischief in the fourth degree, possession of burglar's tools, and unlawful possession of radio devices, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Ayala*, 15 AD3d 496 [2005]; *People v Montalbo*, 254 AD2d 504, 505 [1998]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Since the defendant expressly requested that portion of the trial court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) that pertained to his prior felony conviction, the defendant's *Sandoval* claim was waived to the extent that he argues that this part of the court's ruling was in error, as well as being unpreserved for appellate review (*see People v Jones*, 256 AD2d 30, 31 [1998]; *People v Lugo*, 233 AD2d 197, 198 [1996]; *People v Medina*, 171 AD2d 559 [1991]). Moreover, since the defendant did not articulate any reasons in support of any of his *Sandoval* applications, the remainder of his instant *San-*

*doval* claim is also unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jones*, 41 AD3d 507, 508 [2007]; *People v Melvin*, 223 AD2d 604 [1996]). In any event, the court's *Sandoval* rulings constituted an appropriate exercise of the court's discretion (*see People v Sandoval* 34 NY2d 371 [1974]; *People v Cooper*, 36 AD3d 828 [2007]; *People v Louisias*, 29 AD3d 1017 [2006]).

Since the defendant's claim regarding ineffective assistance of counsel involves matter dehors the record, it may not be reviewed on direct appeal (*see People v Maize*, 40 AD3d 884 [2007]; *People v Hernandez*, 42 AD3d 657 [2007]).

Despite the defendant's contention that the court violated his due process rights by vindictively sentencing him to a term greater than that offered to him as part of a pretrial plea agreement, the sentencing court explicitly took the relevant sentencing principles into consideration and imposed a proper sentence. There is no evidence that the court imposed the sentence with the aim of punishing the defendant for going to trial (*see People v Pena*, 50 NY2d 400, 411-412 [1980]; *People v Mack*, 293 AD2d 761, 762 [2002]; *People v Durkin*, 132 AD2d 668, 669 [1987]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Rivera, Krausman and Florio, JJ., concur.