THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER A. SMITH, Appellant. [852 NYS2d 782]—

The defendant's specific contentions regarding the Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371, 375 [1974]) are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Jones,* 41 AD3d 507 [2007]; *People v Melvin,* 223 AD2d 604 [1996]). In any event, the Supreme Court's ruling struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to him (*see People v Springer,* 13 AD3d 657 [2004]; *People v Sobers,* 272 AD2d 418 [2000]; *People v Dwyer,* 243 AD2d 645 [1997]). Lifson, J.P., Ritter, Florio and Carni, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL A. SOLANO, Appellant. [852 NYS2d 782]—

Contrary to the defendant's contention, the sentence imposed, a determinate term of imprisonment of eight years, was within the range authorized by the applicable statute (*see* Penal Law § 70.71 [3] [b] [ii]), and therefore was not illegal.

The defendant's remaining contentions are without merit. Fisher, J.P., Miller, McCarthy and Chambers, JJ., concur.