■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY AYALA, Appellant. [892 NYS2d 783]

The defendant's specific contentions regarding the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Melvin*, 223 AD2d 604 [1996]). In any event, the Supreme Court's ruling struck an appropriate balance between the probative value of the defendant's prior convictions on the issue of his credibility and the possible prejudice to him (*see People v Mathis*, 55 AD3d 628 [2008]; *People v Smith*, 49 AD3d 671 [2008]; *People v Jones*, 41 AD3d 507, 508 [2007]).

The defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Garguilio*, 57 AD3d 797, 798 [2008]). In any event, the challenged comments either were within the bounds of permissible rhetorical comment (*see People v Galloway*, 54 NY2d 396, 399 [1981]), were fair comment on the evidence (*see People v McHarris*, 297 AD2d 824, 825 [2002]), were fair response to defense counsel's summation (*see People v Adamo*, 309 AD2d 808, 810 [2003]; *People v Vaughn*, 209 AD2d 459, 459-460 [1994]), or constituted harmless error (*see People v Crimmins*,

36 NY2d 230 [1975]). Finally, contrary to the defendant's contention, defense counsel's failure to object to the prosecutor's comments during summation did not constitute ineffective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]). Dillon, J.P., Covello, Belen and Roman, JJ., concur.