THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KATEHIS, Appellant. [986 NYS2d 570]—Appeal by the defend-

ant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered December 13, 2011, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Chance*, 105 AD3d 758, 759 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain of the prosecutor's summation comments deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Kinard*, 96 AD3d 976, 977 [2012]). In any event, the now-challenged remarks either constituted fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Herb*, 110 AD3d 829, 831 [2013]), were responsive to arguments and theories presented in defense counsel's summation (*see People v Gross*, 88 AD3d 905, 906 [2011]), were permissible rhetorical comment (*see People v Ashwal*, 39 NY2d at 109-110; *People v Herb*, 110 AD3d at 831), or did not deprive the defendant of a fair trial (*see* CPL 470.15 [6] [a]).

The defendant consented to the admission into evidence of certain emails and photographs, so he may not complain now that their admission was error (*see People v Green*, 92 AD3d 953, 954 [2012]; *People v Stroman*, 27 AD3d 589, 590 [2006]; *People v Reuben*, 215 AD2d 508, 509 [1995]). Moreover, defense counsel's consent to the admission of this evidence, by itself, did not deprive the defendant of his right to effective assistance of counsel (*see People v Stultz*, 2 NY3d 277, 287 [2004]; *People v McFarlane*, 106 AD3d 836, 837 [2013]; *see also Strickland v Washington*, 466 US 668, 695-696 [1984]; *cf. Hinton v Alabama*, 571 US —, —, 134 S Ct 1081, 1089 [2014]; *People v Turner*, 5 NY3d 476, 478 [2005]).

The sentence imposed was not excessive (*see People v Suitte*,

90 AD2d 80 [1982]). Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.