■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AHMED EDREES, Appellant. [999 NYS2d 86]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (IDV part) (Morgenstern, J.), rendered February 1, 2011, convicting him of attempted assault in the third degree, menacing in the third degree, harassment in the second degree, attempted criminal possession of a weapon in the fourth degree, attempted criminal contempt in the second degree, attempted aggravated harassment in the second degree (three counts), and harassment in the second degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of attempted aggravated harassment in the second degree pursuant to Penal Law §§ 110.00, 240.30 (1) (a) and (b) and vacating the sentences imposed thereon; as so modified, the judgment is affirmed.

"Where a substantive criminal statute has been held unconstitutional, there is no alternative but to give the decision retroactive effect for the declaration of unconstitutionality is a statement that the defendant has committed no crime" (*People v Tannenbaum*, 23 NY2d 753, 753 [1968]). The Court of Appeals has held that Penal Law § 240.30 (1), as written at the time of the defendant's conviction, was unconstitutionally vague and overbroad under both the state and federal constitutions (*see People v Golb*, 23 NY3d 455, 466-468 [2014]). Accordingly, the defendant's convictions of attempted aggravated harassment in the second degree pursuant to Penal Law §§ 110.00 and 240.30 (1) (a) and (b) must be vacated. The defendant's contention regarding Penal Law § 240.30 (2), however, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Papas*, 110 AD3d 1102 [2013]) and, in any event, without merit (*see People v Shack*, 86 NY2d 529 [1995]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of attempted assault in the third degree, menacing in the third degree, harassment in the second degree, and attempted criminal possession of a weapon in the fourth degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.