■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES TAYLOR, Appellant. [7 NYS3d 181]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Ayres, J.), rendered February 7, 2013, convicting him of assault in the first degree, assault in the third degree (two counts), and aggravated harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of aggravated harassment in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Penal Law former § 240.30 (1) (a), which prohibited a person from engaging in communication "in a manner likely to cause annoyance or alarm," has been struck down by the Court of Appeals as unconstitutionally vague and overbroad (*see People v Golb*, 23 NY3d 455, 466-467 [2014]; *People v Edrees*, 123 AD3d 842 [2014]). Accordingly, the defendant's conviction of aggravated harassment in the second degree under that version of the statute must be vacated (*see People v Edrees*, 123 AD3d 842 [2014]).

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that offense beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contention is unpreserved for ap-

pellate review and, in any event, without merit. Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.