■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COLLEZO, Appellant. [11 NYS3d 882]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Morgenstern, J.), rendered September 22, 2011, convicting him of disorderly conduct, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is reversed, on the law, the defendant's plea of guilty is vacated, docket Nos. 20044V/11 and 20210V/11 are dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent with CPL 160.50.

The defendant was charged by two accusatory instruments with various offenses, including aggravated harassment in the second degree (Penal Law § 240.30 [1], [2]) and harassment in the second degree (Penal Law § 240.26 [3]). After his motion to dismiss the charges of aggravated harassment in the second degree and harassment in the second degree was denied, the defendant pleaded guilty to disorderly conduct in full satisfaction of the accusatory instruments. The defendant was sentenced to a period of conditional discharge, which has now expired.

As the People correctly concede, under the circumstances of

this case, the defendant's conviction of disorderly conduct must be reversed, his plea of guilty vacated, and the accusatory instruments dismissed. Dismissal of the two counts which charged the defendant with aggravated harassment in the second degree in violation of Penal Law § 240.30 (1) is required because that statute has been struck down by the Court of Appeals as unconstitutionally vague and overbroad (*see People v Golb*, 23 NY3d 455, 467 [2014]; *People v Taylor*, 126 AD3d 1018 [2015]). Furthermore, the counts which additionally charged the defendant with aggravated harassment in the second degree in violation of Penal Law § 240.30 (2), and harassment in the second degree in violation of Penal Law § 240.26 (3), were facially insufficient (*see* CPL 100.15 [3]; *People v Valerio*, 60 NY2d 669, 670 [1983]; *People v Singh*, 1 Misc 3d 73, 74 [App Term, 2d Dept 2003]). Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.