◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMION JACKSON, Appellant. [31 NYS3d 565]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Modica, J.), rendered July 29, 2013, convicting him of burglary in the second degree, criminal pos-

session of a weapon in the third degree, menacing in the second degree, stalking in the second degree, criminal mischief in the third degree, criminal mischief in the fourth degree, and aggravated harassment in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 15 years to be followed by a period of five years of postrelease supervision on the conviction of burglary in the second degree, a concurrent indeterminate term of imprisonment of 2⅓ to 7 years on the conviction of criminal possession of a weapon in the third degree, concurrent indeterminate terms of imprisonment of 1⅓ to 4 years on the convictions of stalking in the second degree and criminal mischief in the third degree, and concurrent definite terms of incarceration of one year on the convictions of menacing in the second degree, criminal mischief in the fourth degree, and aggravated harassment in the second degree.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, (1) by vacating the conviction of aggravated harassment in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment, (2) by vacating the conviction of stalking in the second degree and vacating the sentence imposed thereon, and (3) by reducing the term of imprisonment imposed on the conviction of burglary in the second degree from 15 years to 10 years; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for a new trial as to the count of the indictment charging the defendant with stalking in the second degree.

Penal Law former § 240.30 (1) (a), which prohibited a person from engaging in communication "in a manner likely to cause annoyance or alarm," has been struck down by the Court of Appeals as unconstitutionally vague and overbroad (*see People v Golb*, 23 NY3d 455, 466-467 [2014]; *People v Taylor*, 126 AD3d 1018, 1019 [2015]; *People v Edrees*, 123 AD3d 842 [2014]). Accordingly, the defendant's conviction of aggravated harassment in the second degree under that version of the statute must be vacated (*see People v Taylor*, 126 AD3d at 1019; *People v Edrees*, 123 AD3d 842 [2014]).

The defendant's contention that the evidence was legally insufficient to support his conviction of burglary in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620

[1983]), we find that it was legally sufficient to establish the defendant's guilt of that offense beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's specific contentions regarding the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Ayala*, 69 AD3d 869 [2010]; *People v Melvin*, 223 AD2d 604 [1996]). In any event, the court's ruling struck an appropriate balance between the probative value of the defendant's prior convictions on the issue of his credibility and the possible prejudice to him (*see People v Ayala*, 69 AD3d 869 [2010]; *People v Mathis*, 55 AD3d 628 [2008]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

However, the Supreme Court gave erroneous instructions to the jury on the elements of stalking in the second degree under Penal Law § 120.55 (1). In its original instructions to the jury, and in response to a jury note requesting a read back of all elements of all of the charges, the court did not instruct the jury on the element of stalking in the second degree under Penal Law § 120.55 (1) that the defendant display, possess, or threaten the use of, inter alia, a "dangerous instrument" (Penal Law § 120.55 [1]; *see People v Davis*, 94 AD2d 900, 901 [1983]). Contrary to the People's contention, this error was not harmless (*see People v Davis*, 94 AD2d at 901; *People v Rodriguez*, 75 AD2d 829 [1980]). Accordingly, a new trial is warranted on the count of the indictment charging the defendant with stalking in the second degree. Although this issue is unpreserved for appellate review, we nonetheless reach it in the exercise of our interest of justice jurisdiction (*see People v Rodriguez*, 75 AD2d 829 [1980]).

The sentence imposed on the conviction of burglary in the second degree was excessive to the extent indicated herein (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Suitte*, 90 AD2d

80, 86 [1982]). Leventhal, J.P., Hall, Hinds-Radix and LaSalle, JJ., concur.