People v Holiday (2016 NY Slip Op 05816)





People v Holiday


2016 NY Slip Op 05816


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2011-07842
 (Ind. No. 3672/10)

[*1]The People of the State of New York, respondent, 
v
Alshawn Holiday, appellant.


Lynn W. L. Fahey, New York, NY (Paul Skip Laisure of counsel), for appellant, and appellant pro se.
Kenneth P. Thompson, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Gamaliel Marrero of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered August 10, 2011, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.
The defendant was convicted after a jury trial of charges related to the shooting death of the victim in April 2010. On appeal, he raises several meritorious claims of error, some of which are preserved for appellate review and some of which are not. None of the errors is by itself sufficient to require reversal. Nonetheless, we conclude that the cumulative effect of certain of these errors cannot be deemed harmless in this case, and thus, we must reverse the judgment and order a new trial.
On the second day of trial, defense counsel advised the Supreme Court that "quite a few members of the deceased's family are present in the court, they are all wearing T-shirts with his photograph on it, displayed in a fairly prominent position on the front of their T-shirts." Defense counsel requested that the court instruct the spectators to remove the T-shirts or turn them inside out. After asking the members of the audience to stand up for a moment so as to view the T-shirts, the court stated that there was no basis to limit their right to wear items or make a statement since they had a First Amendment right to do so. The court also stated: "It should be noted that the Court, in viewing the audience, saw nothing outstanding other than T-shirts with some pictures and some words. One of the picture[s] may be of the [victim], I can't tell from this distance. But, at any rate, that's my ruling for the record, over counsel's objection."
The Court of Appeals has recently held that "spectator displays depicting a deceased victim should be prohibited in the courtroom during trial" because such "depictions may be viewed by the jury as an appeal to sympathy for the deceased victim and the spectators wearing the display, and perhaps as a request to hold the defendant responsible for their loss" (People v Nelson, 27 NY3d 361, 371). In this case, there was no evidence in the record that the spectators attempted to draw [*2]attention to themselves or engage in any other egregious behavior, and no evidence that the words on the T-shirts were prominent. When defense counsel raised the issue early in the trial, the Supreme Court refused to prohibit the conduct. However, that conduct did not deprive the defendant of a fair trial and, therefore, is subject to harmless error analysis. Since the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the court's failure to prohibit the conduct contributed to the verdict, this error was harmless (see id. at 372-373; People v Crimmins, 36 NY2d 230).
The prosecutor improperly appealed to the jury's sympathy by eliciting testimony from the victim's mother that the victim's wife was expecting a child and expressing sympathy for her loss by stating on the record, "Thank you ma-am. I'm sorry for your loss" (see People v Miller, 6 NY2d 152, 157). A defendant is "entitled to a trial upon evidence proving or tending to prove the crime with which he was charged . . . uninfluenced by irrelevant facts and circumstances which tend to prejudice or mislead the jury'" (People v Tassiello, 300 NY 425, 430-431, quoting People v Posner, 273 NY 184, 190). "Testimony about victims' personal backgrounds that is immaterial to any issue at trial should be excluded" (People v Harris, 98 NY2d 452, 490-491). Here, the testimony in question was calculated to appeal to the passion and sympathy of the jury and unduly prejudiced the defendant (see People v Miller, 6 NY2d at 157; People v Caruso, 246 NY 437, 443).
That error was compounded when, during summation, the prosecutor improperly appealed to the jury's sympathy by commenting that when the victim left his house on the night in question, he had no idea that he was "never going to see his family again" and "never going to be able to see his girlfriend again," and stating that it was a "tragedy" that his "24-year-old life was taken away by this man here (indicating), [the defendant]" (see People v Walters, 251 AD2d 433, 434). The prosecutor committed misconduct of a different sort during summation when, while playing a surveillance video introduced into evidence at trial, she identified certain barely visible figures on the screen as the victim and the defendant. Throughout the course of these comments, the Supreme Court repeatedly instructed the jury that it alone should assess the video and not rely on the prosecutor's comments, but the prosecutor persisted in her characterization of the figures on the screen.
Although the claims of prosecutorial misconduct regarding the testimony of the victim's mother and improper summation comments are unpreserved for appellate review, we nonetheless reach them in the exercise of our interest of justice jurisdiction (see People v Jackson, 139 AD3d 875; People v Rodriguez, 75 AD2d 829). While each of these errors, standing alone, may not warrant reversal, there is a significant probability that their combined effect contributed to the defendant's conviction. Accordingly, the judgment must be reversed, and a new trial ordered.
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
BALKIN, J.P., MILLER, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court