The People of the State of New York, Respondent,
against
Christopher X. Brodeur, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Michael Gerstein, J.; op 40 Misc 3d 1070), rendered July 18, 2013. The judgment convicted defendant, after a nonjury trial, of attempted aggravated harassment in the second degree.




ORDERED that the judgment of conviction is reversed, on the law, and the count of the accusatory instrument charging defendant with attempted aggravated harassment in the second degree is dismissed.
Defendant was charged with stalking in the fourth degree (Penal Law § 120.45 [1]), harassment in the second degree (Penal Law § 240.26 [3]), and aggravated harassment in the second degree (Penal Law § 240.30 [1] [a]), which count was ultimately reduced to attempted aggravated harassment in the second degree (Penal Law §§ 110.00, 240.30 [1] [a]). Following a nonjury trial, the Criminal Court found defendant guilty of attempted aggravated harassment in the second degree and not guilty of the counts of stalking in the fourth degree and harassment in the second degree (40 Misc 3d 1070 [2013]).
As the People correctly concede, defendant's conviction of attempted aggravated harassment in the second degree pursuant to Penal Law §§ 110.00 and 240.30 (1) (a) must be reversed because defendant's constitutional challenge to the statute was preserved for appellate review, having been raised before the Criminal Court (cf. People v Gargano, 49 Misc 3d 132[A], 2015 NY Slip Op 51447[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]), and because Penal Law § 240.30 (1) has been struck down by the Court of Appeals as unconstitutionally vague and overbroad (see People v Golb, 23 NY3d 455, 467 [2014]; People v Jackson, 139 AD3d 875 [2016]; People v Collezo, 130 AD3d 749 [2015]). "Where a substantive criminal statute has been held unconstitutional, there is no alternative but to give the decision retroactive effect for the declaration of unconstitutionality is a statement that the defendant has committed no crime" (People v Tannenbaum, 23 NY2d 753, 753 [1968]; see also People v Edrees, 123 AD3d 842 [2014]). Accordingly, the judgment of conviction is reversed and the sole count of the accusatory instrument of which defendant was found guilty, attempted aggravated harassment in the second degree, pursuant to Penal Law §§ 110.00 and 240.30 (1) (a), is dismissed (see People v Taylor, 126 AD3d 1018 [2015]; People v Coveney, 50 Misc 3d 1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Elliot, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: January 24, 2017