■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS MCAULEY, Appellant. [63 NYS3d 60]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lopez, J.), rendered October 13, 2015, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and unlawful possession of marijuana (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was a passenger in a vehicle in which two canisters containing illegal drugs were present. One canister contained 48 small bags of marijuana, and the other canister contained 26 small bags of crack cocaine. When police officers approached the vehicle, one of the officers saw the defendant trying to hide the canister containing the marijuana under his seat. The canister containing the crack cocaine was in plain sight on the seat in the back of the vehicle.

The defendant's contention that the evidence was legally insufficient to support his conviction of criminal possession of a controlled substance in the third degree is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (see CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Katehis*, 117 AD3d 1080, 1081 [2014]; *People v Chance*, 105 AD3d 758, 759 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. It was reasonable for the jury to infer that the presence of two different types of illegal drugs inside the vehicle, packaged for sale, coupled with the defendant's attempt to hide one of the canisters, indicated that the defendant was a knowing participant in a drug-selling operation (see e.g. *People v Warrington*, 192 AD2d 735, 736 [1993]). Additionally, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Chambers, Cohen and Iannacci, JJ., concur.