People v Barnett (2018 NY Slip Op 05186)





People v Barnett


2018 NY Slip Op 05186


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-03750
 (Ind. No. 15-00552)

[*1]The People of the State of New York, respondent,
v
Antonio Barnett, appellant.


Steven A. Feldman, Uniondale, NY (Arza Feldman of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jennifer Spencer and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara G. Zambelli, J.), rendered March 16, 2016, convicting him of manslaughter in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The charges against the defendant arose from a stabbing outside the William A. Schlobohm Houses in the City of Yonkers on April 18, 2015. The victim, who was stabbed twice in the back, died two hours later. After a jury trial at which the defendant asserted the defenses of intoxication and justification, the defendant was convicted of manslaughter in the first degree (Penal Law § 120.20[1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02[1]). The jury acquitted the defendant of murder in the second degree, as charged in the indictment.
The defendant's contention that the evidence was legally insufficient to support his conviction of manslaughter in the first degree is unpreserved for appellate review, as defense counsel made only a general motion for a trial order of dismissal based upon the People's alleged failure to make out a prima facie case (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v McAuley, 154 AD3d 720; People v Katehis, 117 AD3d 1080, 1081). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree beyond a reasonable doubt. Specifically, the evidence was legally sufficient to prove the defendant's intent to cause serious physical injury (see Penal Law § 125.20[1]) and to disprove justification (see Penal Law § 35.15). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record, we are satisfied that the verdict of guilt of manslaughter in the first degree and the rejection of the justification defense were not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the portion of the County Court's Sandoval ruling [*2](see People v Sandoval, 34 NY2d 371) permitting cross-examination as to his prior conviction of false personation and the underlying facts of that conviction constituted an abuse of discretion and deprived him of his right to a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Jackson, 139 AD3d 875, 877; People v Ayala, 69 AD3d 869; People v Melvin, 223 AD2d 604). In any event, the court providently exercised its discretion in allowing the prosecution to cross-examine the defendant regarding his prior conviction of false personation and the facts underlying that conviction, as that offense involved an act of dishonesty that bore directly upon his credibility (see People v Mull, 89 AD3d 1445; People v Buckley, 299 AD2d 417, 418; see generally People v Sandoval, 34 NY2d at 377).
The defendant's contention that the County Court erred in admitting autopsy photographs into evidence is only partially preserved for appellate review, as he objected at trial to the admission of only one of those photographs (see CPL 470.05[2]; People v Leftenant, 22 AD3d 603, 605; People v Smith, 242 AD2d 487). In any event, the photographs were neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (see People v Wood, 79 NY2d 958; People v Pobliner, 32 NY2d 356). Rather, they were relevant both to help illustrate and corroborate the testimony of the pathologist (see People v Allan, 41 AD3d 727, 727-728; People v Clark, 37 AD3d 487; People v Daniels, 35 AD3d 495) and to prove intent to cause death, a material element of the murder count of which the defendant was charged, and intent to inflict serious physical injury, a material element of the manslaughter count of which the defendant was ultimately convicted (see People v Stevens, 76 NY2d 833, 836; People v Louisias, 29 AD3d 1017; People v Morel, 297 AD2d 757; People v Collic, 285 AD2d 514). The mere fact that the defendant raised a justification defense did not require the exclusion of these photographs, since the prosecutor was obligated to prove the essential elements of the crimes charged (see People v Stevens, 76 NY2d at 836).
The defendant's contention that he was deprived of a fair trial when the County Court admitted into evidence a photograph of the victim taken during the evening preceding his death is unpreserved for appellate review, as the defendant raised no objection at trial to the introduction of this allegedly prejudicial photograph (see CPL 470.05[2]; People v Hibbert, 134 AD3d 957, 958; People v Texidor, 123 AD3d 746). In any event, the contention is without merit inasmuch as the photograph at issue was relevant to elucidate the identities of the individuals depicted on the surveillance videos and the still photographs taken from those surveillance videos (see People v Stevens, 76 NY2d at 835-836; People v Texidor, 123 AD3d 746; People v Thomas, 99 AD3d 737, 738).
We agree with the County Court's determination to admit into evidence, under the present sense impression exception to the hearsay rule, a recording of a 911 call made by a witness for the purpose of reporting the subject stabbing (see People v Brown, 80 NY2d 729, 734; People v Bowers, 144 AD3d 1049; People v Ross, 112 AD3d 972). The defendant's contention that admission of the 911 tape violated his right of confrontation is unpreserved for appellate review (see People v Jacques, 115 AD3d 765, 766; People v Marino, 21 AD3d 430, 431; People v Bones, 17 AD3d 689; People v Mack, 14 AD3d 517). In any event, admission of the 911 call did not violate the defendant's right of confrontation because the declarant's statements were not testimonial (see Crawford v Washington, 541 US 36; People v Marino, 21 AD3d at 431; People v Coleman, 16 AD3d 254). The information conveyed by the declarant during the 911 call was for the purpose of urgently seeking medical and police intervention, and did not result from structured questioning (see e.g. People v Mackey, 5 Misc 3d 709 [Crim Ct, NY County]; People v Conyers, 4 Misc 3d 346 [Sup Ct, Queens County]; People v Moscat, 3 Misc 3d 739 [Crim Ct, Bronx County]; Mungo v Duncan, 393 F3d 327, 336 n 9 [2nd Cir]; cf. People v Cortes, 4 Misc 3d 575 [Sup Ct, Bronx County]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention, that the cumulative effect of the alleged trial errors deprived him of a fair trial, is without merit.
MASTRO, J.P., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court