People v Gutierrez (2019 NY Slip Op 03809)





People v Gutierrez


2019 NY Slip Op 03809


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-10810
 (Ind. No. 2796/14)

[*1]The People of the State of New York, respondent,
v
Edwin Gutierrez, appellant.


Laurette D. Mulry, Riverhead, NY (Lisa A. Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Glenn Green and Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (William J. Condon, J.), rendered September 7, 2016, convicting him of murder in the second degree (two counts), robbery in the first degree, and attempted grand larceny in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On November 28, 2014, in a parking lot in Bay Shore, while attempting to steal a sport utility vehicle, the defendant drove the vehicle into its owner, killing him. A short time earlier in the same parking lot, the defendant had attempted to steal a different vehicle owned by someone else. The defendant testified that he had been drinking and did not remember the incidents or being in the parking lot at the time the incidents occurred. The defendant was convicted of two counts of murder in the second degree, robbery in the first degree, and attempted grand larceny in the third degree, upon a jury verdict, and was sentenced to 25 years to life imprisonment on each count of murder in the second degree, 25 years imprisonment plus 5 years of postrelease supervision on the count of robbery in the first degree, and 2 to 4 years imprisonment on the count of attempted grand larceny in the third degree, the sentences to run concurrently.
The defendant's contentions regarding the legal sufficiency of the evidence are unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492), and in any event, are without merit (see People v Danielson, 9 NY3d 342, 349). In conducting an independent review of the weight of the evidence with regard to the defendant's convictions (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we find that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court failed to properly charge the jury on attempted grand larceny in the third degree is unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19), and we decline to reach it in the exercise of our interest of justice jurisdiction.
We agree with the defendant that the County Court should not have permitted testimony from the victim's wife and from a police detective which had no bearing on the materiality of the issues before the jury and which was calculated to appeal to the passion and sympathy of the jury (see People v Harris, 98 NY2d 452, 490-491; People v Miller, 6 NY2d 152; People v Caruso, 246 NY 437; People v Holiday, 142 AD3d 625, 626). However, the error was harmless beyond a reasonable doubt (see People v Harris, 98 NY2d at 490-491; People v Crimmins, 36 NY2d 230, 237).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court